JOHN C. WILLIAMS, PLAINTIFF IN ERROR VS. FREDERICK J. LAPENOTIERE, DEFENDANT IN ERROR.

1. The fact that the plaintiff in error has not paid the damages adjudged against him as for a frivolous appeal on account of his omission to file the appeal transcript in due time in the appellate court, is not ground for dismissing a writ of error subsequently taken to the judgment from which the appeal was taken.

2. Objection to part of the record as having been filed in the appellate court subsequent to the issuance of the writ of error on a transcript previously filed on appeal is not a ground for dismissing the writ of error.

3. An application to the appelate court by counsel for defendant in error for an order granting leave to withdraw the transcript with a view to testing its correctness, is an appearance in that court and cures any defect there may have been in the service of the *scire facias ad audiendum errores.*

Writ of Error to the Circuit Court for Hillsborough County.

Motion to dismiss Writ of Error.

The facts of the case are stated in the opinion.

*C. W. Stevens* for Motion.

*Phillips & Carter, contra.*

RANEY, C. J.    That the plaintiff in error has not paid the damages allowed as for a frivolous appeal, by the judgment of this court rendered at the June term, 1889, dismissing the appeal on account of appellant's omission to file the transcript of the record here within the time required by law, (Williams vs. LaPenotiere, 25 Fla., 473; S. C. 6 So. Reporter, 167,) is no ground for dismissing this writ of error. The appellee, then, who is now defendant in error, has a sufficient remedy for collecting the amount allowed him as damages.

Objections to any part of the record as having been filed here since the writ of error was granted on the appeal transcript then on file here, are not grounds for dismissing the writ of error.

The alleged defect in the service of the *scire facias ad audiendum errores* has, if it existed, been cured by the motion made in this court in February last by the attorney who presents the present motion, he acting then as now for the defendant in error, and asking an order that the transcript be sent to him with a view to his ascertaining the necessity of suggesting a dimunition of the record and to complete the same, to the granting of which motion the counsel of record for plaintiff in error assented. This motion constituted an appearance in this court by the defendant in error to the proceedings in error.

The motion should be denied, and the costs of it taxed against defendant in error, and it will be so ordered.