L. S. OPPENHEIMER, PLAINTIFF IN ERROR, VS. S. GUCKENHEIMER, ET AL., DEFENDANTS IN ERROR.

1. The issuance and service of a *seira facias ad audiendum errores* are essential to give the appellate court jurisdiction of the person of the defendant in error; and without such writ and service this court can not adjudicate the case. But such writ and service are not necessary to give this court jurisdiction of the cause, and should the defendant in error file in this court a general appearance in a cause properly brought here by writ of error, the necessity for the issuance or service of the *scire facias ad audiendum errores* will thereby be waived.

2. The defendants in error made a motion in this court to dismiss the writ of error issued in the cause on the ground that the plaintiff in error had not filed briefs within the time required by the rule of the court on that subject; on a subsequent day this motion, by leave of the court, was amended so as to recite that defendants in error came specially for the purpose of the motion, and for no other purpose, and moved the court to dismiss the writ of error because no briefs had been filed as required by the rule, and no *scire facias ad audiendum errores* had been issued in the cause or served upon the defendants in error: *Held,* That by the motion as first made to dismiss the writ of error because no briefs had been filed, the defendants in error appeared generally in the cause, and it was a waiver of the issuance and service of the *scire facias ad audiendum errores.*

Writ of Error to the Circuit Court for Polk county.

The facts of the case are stated in the opinion of the court.

Motion to dismiss the Writ of Error.

*R. W. Williams* for the motion.

*Wilson & Wilson* and *Sparkman & Sparkman* contra.

MABRY, J. :

An attachment suit was instituted in the Circuit Court for Polk county by S. Guckenheimer & Sons against W. T. Munfort and J. S. Oppenheimer, and the attachment writ was levied upon certain goods as the property of defendants. L. S. Oppenheimer interposed a claim to the property levied on, and on the 8th day of April, 1893, a verdict and judgment were rendered in the claim suit against the claimant. After motions in arrest of judgment and for a new trial were overruled and final judgment entered, the record recites that the claimant by his attorneys in open court applied for and entered an appeal from the judgment rendered to the June Term, A. D. 1893, of the Supreme Court of the State of Florida.

On the 4th day of October, 1893, four days before the expiration of the time in which a writ of error could have been sued out from said judgment, such writ issued, returnable to the January Term, 1894, of this court, and was at the time of its issuance properly served by being lodged with the Clerk of the Circuit Court of Polk county.

A motion was filed in this court on April 20th, 1894, by the attorney of record for the plaintiffs in the claim suit, reciting that the appellees in the cause of L. S. Oppenheimer, appellant, vs. S. Guckenheimer *et al.*, appellees, move the court to dismiss the appeal because the same was entered to the June Term, A. D.

1893, of the Supreme Court, and that the attorneys for appellant had failed to file briefs in the cause, and one hundred days had expired since the beginning of the January Term, 1894, of this court, and that the record showed that said appeal had been abandoned. Notice was given for the hearing of this motion on the 8th day of May, 1894. On the 7th day of May, 1894, counsel for defendants in error entered the following motion upon the motion docket, *viz:*

"Oppenheimer, Plff. in Error, }
        vs.
Guckenheimer, Deft. in Errror, }

Comes now the defendant in error and moves the court to dismiss this cause for the reason that it is a civil cause returnable to the January Term, 1894, and was not submitted on brief by the plaintiff in error within ninety days from the return day, which ninety days expired before the filing of this motion." Counsel for plaintiff in error entered a motion on the 8th day of May, 1894, for leave to file briefs in the cause, for reasons stated in affidavits on file. At the motion hour on May 8th, 1894, counsel for defendants in error stated at the bar of the court that he desired to amend the motion entered on the 7th, and add another ground for dismissing the writ, as he had then discovered that no *scire facias* to hear errors had been issued in the cause. Counsel for plaintiff in error then stated that they had appeared, in obedience to proper notice, to contest the motion to dismiss for failure to file briefs, and were not then prepared to meet a motion to dismiss because no *scire facias* had been issued. The motion entered April 20th to dismiss the appeal was then denied because there was no such case on an appeal in this court, and by leave of the court counsel for defendants in error amended the motion entered

on May 7th, so as to read as follows, *viz:* "Come now the defendants in error, specially for the purpose of this motion, and for no other purpose, and move the court to dismiss this cause for the reasons: that it is a civil cause returnable to the January Term, 1894, and was not submitted on brief by the plaintiff in error within ninety days from the return day, which ninety days expired before the filing of this motion; that no writ of *scire facias ad audiendum errores* has been served upon the defendants in error or their attorney, and no such writ has issued, or been returned to this court, as shown by the record." This amended motion coming on regularly for hearing upon notice at the succeeding motion day, the same being the 12th day of this month, counsel for plaintiff in error entered another motion for an order that *scire facias* issue *nunc pro tunc,* for reasons set forth in affidavit filed. The three motions in the cause above recited, not disposed of, were submitted by counsel for the consideration of the court on the same day.

It is not shown or claimed that any *scire facias* to hear errors was ever issued, either by the clerk of the Circuit Court for Polk county, or by the Clerk of the Supreme Court. The writ of error, however, was issued and served within proper time, and this brought the case properly to this court. The issuance and service of a *scire facias ad audiendum errores* are essential to give the appellate court jurisdiction of the person, and without such writ this court can not adjudicate the cause. The *scire facias,* being the legal notice to the defendant in errror that the cause is properly pending in the appellate court, may, however, be waived by him; and although no such writ has been issued or served, a general appearance in the cause in the appellate court will be sufficient to give the court

jurisdiction of the person of the defendant in error. It was held in Williams vs. LaPenotiere, 26 Fla., 333, 7 South. Rep., 869, that an application to the appellate court by counsel for defendant in error for an order granting leave to withdraw the transcript with a view of testing its correctness, is an appearance in that court, and cures any defect there may have been in the service of the *scire facias ad audiendum errores.* There is no room for doubt, we think, that by appearing and filing a motion by a defendant in error in this court to dismiss a cause for the reason that plaintiff in error had not complied with the rule of the court as to filing briefs, would cure any defects as to the issuance or service of the *scire facias* to hear errors. Such a motion would be an appearance in the case, and that is precisely what the defendants in error did in the case before us, by filing the motion of May 7th, 1894. At the time that motion was first entered there was no effort or purpose manifested by it to limit the appearance of the defendants in error, but the evident purpose was to have the writ of error dismissed because the briefs had not been filed in time. An appearance in the cause having been made for the purpose indicated, was a waiver of any want of, or defect in, the service of the *scire facias*, and was effectual to give the court jurisdiction of the person of the defendants in error, and the court still has such jurisdiction unless the amendment of the motion on the 8th of May had the effect to withdraw the general appearance already entered and to limit it solely to an objection to the issuance and service of the *scire facias.* We do not question the right of a defendant in error to specially appear for the purpose of objecting to the issuance or service of a writ of *scire facias*, and that

by so doing he would not subject himself to the jurisdiction of the court for any other purpose. But we do not see that such effect can be given to the motion as amended on the 8th of May, as defendants therein limit their appearance specially for the purpose of the motion, and the first ground of the motion is to dismiss the suit because plaintiff in error had not filed briefs within the time required by the rule on the subject. This, as we have said, constitutes such an appearance as waives all objections to the issuance or service of the *scire facias*, and defendants in error are still relying upon it as one ground for dismissing the writ of error. The other ground of the motion relates to the *scire facias*, and would not alone, coupled with a proper special appearance, be a general submission to the jurisdiction of the court. Where a defendant in error appears specially for the purpose of objecting to the issuance or service of the *scire facias*, and thereby presenting the question of the jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction, and must not include therein some other ground that recognizes the jurisdiction of the court over his person, and amounts to an appearance in the cause by him. Aultman & Taylor Co. vs. Steiman, 8 Neb., 109. The making of the motion here to dismiss for failure to file briefs was an appearance in the cause, and the statement in the amendment to the motion, that defendants in error appeared specially for the purpose of the motion, and for no other purpose, does not have the effect to deprive the court of the jurisdiction over their persons acquired instantly upon the entry of the motion that amounts to such an appearance. The defendants in error voluntarily appeared in the cause and thereby waived all objections to the issuance of the *scire facias*, and the

·motion to dismiss on this ground should be over-ruled.

We think the reasons assigned in the affidavit of counsel for not filing briefs within the time required by the rule of this court on the subject are sufficient to authorize the filing of them now, and orders will be made denying the motion to dismiss the·writ of error, and sustaining the motion for leave to file briefs.

The motion for an order to grant the issuance of *scire facias* to hear errors *nunc pro tunc* will be denied. Orders will be entered in all of said motions in accordance with this opinion.