WALTER RAY, *Appellant,* v. JOHN TRICE AS RECEIVER OF THE ST. PETERSBURG STATE BANK, *Appellee.*

| 48 | 297 |
| 50 | 265 |
| 50 | 511 |
| 51 | 269 |

| 48 | 297 |
| 53 | 1016 |
| 54 | 290 |

| 48 | 297 |
| 56 | 519 |

1. Upon an appeal by one not a party to the foreclosure suit from an order denying his motion to quash a writ of assistance granted to the purchaser under the decree of foreclosure and to restore to the mover's possession certain property taken from his possession by virtue of such writ neither the pleadings and proceedings in the foreclosure suit, nor affidavits filed with the clerk after the ruling upon the motion, where such foreclosure proceedings and affidavits were not before the court as evidence at the time the motion was decided, are properly parts of the record on such appeal, and the clerk should omit them from the transcript even though directed by one of the parties to insert them.

2. A clerk of the Circuit Court in making up a transcript of the record for the Supreme Court, has no authority to omit anything which is directed by the appellee to be inserted, if it is a paper or proceeding in the cause, having relation or leading up to the order or decree appealed from, even though the party appellant directs him to omit it as not being necessary for a full and clear presentation of any point or question raised by

the assignments of error; but the clerk should omit from the transcript all papers and proceedings in the same or in another distinct cause which have no relation to or which did not lead up to the order or decree appealed from, even though such matters or proceedings may have been directed to be inserted by one of the parties to the appeal.

3. A certificate of a clerk of a Circuit Court to a transcript of record for the Supreme Court, which shows on its face that certain matters and proceedings in the cause directed by the appellee to be included in the transcript are omitted, because appellant had demanded that they be omitted for the reason that they were not necessary for a clear and full presentation of any point or question raised by the assignment of errors relied upon in the appellate court, is fatally defective, and the Supreme Court will not review the decree appealed from upon a transcript of the record so certified.

4. The Supreme Court may, upon seasonable application before a cause is disposed of on final hearing, permit defects in the clerk's certificate to the transcript to be cured by amendment.

5. The rules do not contemplate that the entire proceedings in the court below shall be transmitted to the Supreme Court upon appeal, nor that counsel can by a general direction to the clerk to include everything on file, evade the duty he owes the court and the opposite party under the rules to see that the transcript of the record does not contain irrelevant and immaterial matters. While the clerk has no discretion or authority to omit matters which are properly a part of the record or proceeding in the cause, having relation or leading up to the order or decree appealed from where either party directs its insertion, because in his judgment or in the judgment of one of the parties such matter is immaterial, yet the Supreme Court has authority and will prevent an abuse of its rules, to the prejudice of a party upon proper application.

6. Upon an appeal by one not a party to the foreclosure suit, from an order denying his motion to quash a writ of assistance granted to the purchaser under the foreclosure decree and to restore to the mover's possession certain property taken from his possession by virtue of such writ, where the only parties to such motion were the mover and the purchaser at the foreclosure sale, neither the complainant nor the defendants in the foreclosure suit are necessary parties to the appeal, nor does the

fact that the writ of assistance issued upon the suggestion of the complainant in foreclosure, make such complainant a proper party to the appeal.

7. Where a party appears specially for the purpose of presenting the question of jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the cause by him, and if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it purports to be made in pursuance of a special appearance.

8. Where an appellee appears generally in the Supreme Court and moves to dismiss the appeal upon grounds other than those relating solely to the jurisdiction over his person, he can not be permitted to question the sufficiency of the recorded entry of appeal to give the appellate court jurisdiction over his person.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Pasco county.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* for appellant.

*Gunby & Gibbons* for appellee.

CARTER, J.—This is an appeal from an order of the Circuit Court of Pasco county denying a motion made by Ray, the appellant, to vacate and set aside a writ of assistance granted by said court March 16, 1903, by which the sheriff was directed to put Trice as receiver, the appellee, in possession of certain lands in Pasco and other counties which had been purchased by him at a public sale, made in pursuance of a decree in equity rendered by said court in a suit for foreclosure wherein the St. Petersburg State Bank, a corporation, as trustee, was complainant, and Globe Phos-

phate Mining and Manufacturing Company and others, were defendants. The motion also sought to have restored to Ray all the property described in the writ which was taken from his possession on August 11, 1903, by virtue of said writ. It is asserted in the grounds of the motion, among other things, that the court had no power to issue the writ; that Ray had no notice of the application therefor, and that he was not a party to the foreclosure suit in which the sale was decreed.    Appellee now moves to dismiss the appeal upon several grounds.  The first, second, third and fifth claim that the record is not properly certified, and that certain matters which appellee directed should be included in the transcript are omitted.    The certificate to the transcript is that "the foregoing pages numbered from one to 87 inclusive contain a correct transcript of the record of the judgment and decree in the case of St. Petersburg State Bank, as trustee, and William Hocker, trustee by substitution, complainant, and the Globe Phosphate Mining & Manufacturing Company, Citrus county, Florida, U. S. A., and others, defendants, in the matter of the petition of Walter Ray, Esq., praying an order setting aside a certain writ of assistance, and the service of the same upon him, and said Walter Ray, granted to John Trice as receiver of the St. Petersburg State Bank, who purchased the mortgage premises at the sale of the same under the foreclosure decree in said cause, and a true and correct recital and copy of all such papers and proceedings in said cause as appears upon the records and files of my office that have been directed to be included in said transcript by the written demands of said parties with the exception that I have omitted therefrom certain papers, matters and proceedings which I was directed by the attorneys for the appellee to copy into said record, which, with the exception of certain affidavits marked filed October 2nd, 1903, by the attorneys for John Trice, are all papers, matters and proceedings anterior to the final decree of foreclosure in said cause, and these I have omitted by the direction and, upon the demand of the counsel for the appellant, who bases his

request and demand for said omission upon special rule of
the Supreme Court of Florida number two, wherein it is
provided that 'hereafter no transcript of record in civil
cases, either at law or in equity, made up for the appellate
court, shall contain any papers, matters and proceedings that
are not necessary for a clear and full presentation of some
point or question raised by the assignment of errors to be
relied upon in the appellate court.' "

It appears from the transcript that appellee gave direc-
tions to include therein the original and amended bills of
complaint, the answer of the Globe Phosphate Company, all
of the testimony taken by the master in chancery and ex-
hibits filed therewith, and also certain designated affidavits,
which the directions recite were filed in September, 1903,
and refiled October 11, 1903. The directions also contain a
general order to the clerk to "copy in full all other papers
and records in this cause not specifically designated either
in the application of the complainant or the defendants."

The written directions of appellee contemplated the
insertion in this transcript of the entire proceedings, includ-
ing the testimony in the foreclosure suit which culminated in
the decree of sale under which appellee purchased and upon
which the writ of assistance was based. These proceedings
were very voluminous, and we have evidence that a tran-
script embracing them would cost at least $700 more than
the one before us. The decree in that case could not be re-
viewed in this proceeding even if appellant had been a
party thereto (*Mann v. Jennings*, 25 Fla. 730, 6 South. Rep.
771; *Lenfesty v. Coe*, 26 Fla. 49, 7 South. Rep. 2), and it is
quite evident that even if the record in that case was prop-
erly a part of the record in this a very large part of that
record would have no bearing upon the questions presented
here which are confined to the propriety of the order deny-
ing the motion to vacate the writ of assistance and to restore
property taken from appellant's possession under that writ.
An appellee should not incumber the record with useless
matter and thereby not only impose upon the court the labor

and waste of time in reading it, but make the burden of an appellant more onerous by requiring him to pay the expense of inserting it in the transcript. It is true that upon final hearing the appellee can be taxed with the cost of such unnecessary matter (Supreme Court rule number 26), but the appellant is usually required to pay or arrange with the clerk the entire cost of the transcript when he obtains it, and in cases like the present it would be a great hardship upon an appellant to require him to pay in advance for such superfluous matter. Counsel for all parties should confine their directions to such papers, matters or proceedings and such only as are "necessary for a clear and full presentation" of the points or questions raised by the assignment of errors relied upon in the appellate court as required by Special Rule 2. The rules do not contemplate that the entire proceedings shall be transmitted to this court, nor that counsel can by a general direction to include everything on file, evade the duty he owes the court and the opposite party under the rules to see that the record does not contain irrelevant and immaterial matter. While the clerk has no discretion to omit matters which are properly a part of the record or proceeding in the cause, having relation or leading up to the order or decree appealed from, where either party directs its insertion, because in his judgment such matter is immaterial, yet the court has authority and will prevent an abuse of its rules to the prejudice of the opposite party upon proper application. There is no pretense that the pleadings and testimony in the foreclosure suit were introduced in evidence upon the hearing of the motion made by Ray, nor that they were otherwise made a part of the record relating to that motion. The contention, as we understand it, is that the entire record in the foreclosure suit is inherently a part of the record of the motion, the idea being that the motion is merely a continuation of the foreclosure proceedings. We think this contention is unsound. The motion was a separate and independent matter instituted by a stranger to the foreclosure proceedings against the purchaser of the prop-

erty at the foreclosure sale, to vacate a writ of assistance granted in behalf of such purchaser. This proceeding commenced with the motion, or at most with the application for the writ of assistance, and brought up new questions in which only Ray and the purchaser at the foreclosure sale were concerned, and which were wholly separable from any question in the foreclosure suit. The motion raised no issue as to matters litigated between the contending parties in the foreclosure suit, and it is not proper to add to the transcript of the proceedings on this motion the evidence of pleadings in the foreclosure suit which were not offered in evidence at the hearing. *Baltimore & O. R. Co. v. Gaulter,* 165 Ill. 233, 46 N. E. Rep. 256. See, also, *Dorsey v. Beall,* Hardin (Ky.) 564; *Winn v. Burt,* 6 Blatchf. (Ind.) 183; *Gunn v. Howell,* 27 Ala. 663. The pleadings and testimony in the foreclosure suit not being properly parts of the record on this motion, the clerk should have omitted them from the transcript even though requested to be inserted by appellee, for the rules contain no authority to an appellee to direct the incorporation in the transcript of matters or proceedings in another suit which were not filed in evidence or otherwise made a part of the record of the proceeding in which the appeal was taken.

The appellee's directions also included certain affidavits already mentioned, but the clerk omitted them from the transcript. These affidavits appear to have been filed October 2, 1903, the day Ray's motion was denied. They were filed in the proceeding begun by the motion, but there is nothing to show that they were before the judge as evidence at the time he ruled on the motion. On the contrary the judge certifies that they were not before, or read by him at that time; that his ruling "was based entirely upon the showing made by the said motion and affidavits filed by the said Walter Ray and was not based upon the affidavits marked filed on the same day by the parties representing John Trice and others." He further certifies that the affidavits were not filed "until after the court had indicated its ruling upon the mo-

tion of said Ray." Under these circumstances the affidavits referred to, though actually filed in the case, do not constitute a "matter, paper or proceeding" within the meaning of the rules which authorize parties to demand that the clerk shall insert "matters, papers and proceedings" in the transcript. No party has a right to make any and every paper or document of whatever nature, a part of the record or proceedings in a cause by simply filing it, especially after the case has been decided. For example, in common law actions documentary evidence, though marked filed in the case, has no place in the transcript of the record, except as it may be incorporated into a bill of exceptions, and the court will strike it out on motion, or disregard it in deciding the case, because it is no part of the record of the case. *Florida Central & Peninsular R. R. Co. v. Luffman,* 45 Fla. 282, 33 South. Rep. 710. If such matter is proper to be stricken because it is not a part of the record or proper to be inserted therein, the clerk should omit it though directed to insert it, because he has no right to certify it under the language of the form of certificate prescribed for him. While this is true, it is also true that the clerk can not, upon his own motion, or at the suggestion of the opposite party omit to insert any "matter, paper or proceeding" directed by a party to be inserted, if such matter, paper or proceeding is properly a part of the record, on the ground that such matter, paper or proceeding is not necessary for a clear and full presentation of some point or question raised by the assignment of errors. The question of such materiality is one which the rules commit primarily to the party giving the directions, but which must ultimately be decided by this court, and if a party abuses, or attempts to abuse the power given him by the rules in giving directions for making up the transcript, there is ample power in this court to correct or prevent such abuse. It follows from what has been said that the clerk was justified in omitting from the transcript the pleadings and testimony in the foreclosure suit and the affidavits filed

by appellee on October 2nd, 1903, though not for the reasons stated by him in the certificate.

The certificate of the clerk is not in the form prescribed by the rules, but appellant has asked for leave to supply a proper one. We think, under the circumstances disclosed in the record, leave should be given, therefore appellant will be permitted to append to the transcript a certificate in the form prescribed by the rules, serving a copy upon appellee, within ten days from the date this opinion is filed.

The fourth and seventh grounds of the motion to dismiss insist that parties to the foreclosure suit, and William Hocker as trustee by substitution for the St. Petersburg State Bank, should have been made parties appellee to this appeal. The writ of assistance was obtained in the name of appellee, who, as stated, was the purchaser at the foreclosure sale, and the parties to the foreclosure suit were not parties to, nor interested in the motion made by appellant to vacate the writ. No one but Ray and Trice, receiver, the purchaser at the sale, were parties to or interested in the matter of that motion. This being true we do not think there is any defect of parties by reason of the omission of the parties to the foreclosure suit.

It appears from the record that the writ of assistance was granted upon the petition of William Hocker "as trustee by substitution for the St. Petersburg State Bank, removed." The foreclosure suit was instituted by "St. Petersburg State Bank, a corporation, as trustee," and the decree of foreclosure was entered in the same name. It does not appear that William Hocker was substituted for John Trice as receiver, the purchaser at the foreclosure sale, but that he was substituted as trustee in the stead of St. Petersburg State Bank, trustee, who had been removed, and therefore merely occupied the position of complainant in the foreclosure suit. He merely asked that the writ of assistance issue in the name of Trice, receiver, the purchaser, and the writ was so issued. Hocker was not made a party to the writ of assist-

ance, nor to the motion made by Ray and he is, therefore, not a necessary party to the appeal.

The sixth and eighth grounds of the motion to dismiss insist that the entry of appeal is so defective in its statement of the parties against whom the appeal is taken that its record constitutes no notice to appellee and the parties to the foreclosure suit. We hold that the parties to the foreclosure suit are not necessary parties to this appeal, and this disposes of the objection so far as they are concerned.

The entry of appeal is somewhat awkwardly worded. It states that appellee was the only party interested in appellant's motion to vacate the writ of assistance, but the language is somewhat ambiguous as to whether appellee is intended to be made a party to the appeal. Without deciding whether the entry of appeal is so defective that its record constitutes no sufficient notice to appellee as contended, we are satisfied that his motion to dismiss by reason of the insertion therein of the 1st, 2nd, 3rd and 5th grounds, constitutes a general appearance on his part upon the principle announced in *Oppenheimer v. Guckenheimer,* 34 Fla. 13, 15 South. Rep. 670, and *Dudley v. White,* 44 Fla. 264, 31 South. Rep. 830, that "where a defendant appears specially for the purpose of presenting the question of jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the cause by him, and if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it purports to be made in pursuance of a special appearance." In this case the motion is not even made in pursuance of a special appearance and, therefore, the reason is stronger for holding it to be a general appearance.

The motion to dismiss will be denied, and appellant will be permitted to file a proper certificate to the transcript as above indicated. Appellee will be required to file his brief

on the merits within twenty days after the appellant files the certificate to the transcript.

HOCKER and SHACKLEFORD, JJ., being disqualified, took no part in the consideration of this matter.

TAYLOR, C. J., and WHITFIELD and COCKRELL, JJ., concur.