[Carpenter, Baggett & Co. v. Miller.]

# Carpenter, Baggett & Co. *v*. Miller.

*Garnishment.*

(Decided Nov. 14, 1911. 56 South. 845.)

1. *Garnishment; Bond; Effect*—Where a garnishment is issued and served, and the defendant gives the bond provided for by section 4312, Code 1907, the garnishment proceedings is not dissolved until the amount of the garnishee's liability has been ascertained, and the liability of the obligor in the bond, depends upon the liability of the garnishee.

2. *Appearance; Garnishment; Bond; Effect.*—Where a garnishment is issued and .served, and the defendant executes a bond provided for by section 4313, the garnishment is dissolved, and the defendant and his sureties on the bond are liable for personal judgment, and hence, the giving of the bond operated as an appearance and the garnishment having been dissolved, no rights could be based thereon, and no objection could be made as to its irregularity.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Action by R. Miller against Carpenter, Baggett & Co. in which the Bank of Camden was served as garnishee. From a judgment refusing a motion to dismiss the cause, defendant appeals. Affirmed.

After the issuance and service of garnishment, Carpenter, Baggett & Company entered into bond payable to R. Miller in the sum of $1,000.00 conditioned that the said Carpenter, Baggett & Company should pay such judgment as may be rendered or ascertained in favor of plaintiff and against the defendant in such cause, and the costs of same, then the obligation to be null and void. The bond further set out the suit, the writ of garnishment, its service on the bank of Camden, and the fact that the bond was given to dissolve garnishment as required by section 4313, Code of Alabama. Thereupon the defendant appeared for the purpose of making a motion as follows: "Moves the

court to dismiss the cause out of this court, and for grounds says: (1) That the defendant is a nonresident of the state of Alabama, and no copy of the summons and complaint in this case has been served on this defendant. (2) Because no affidavit for the writ of attachment has been made by the plaintiff or by any one by them thereunto lawfully authorized, nor has the writ of attachment been issued out of this court and levied upon any property of this defendant within the state of Alabama. (3) For that no legal process of this court has been served upon this defendant." The defendant also made a motion to strike the cause from the docket: "(1) Because it is improperly on the docket. (2) For that there has been no service of a copy of the summons and complaint on the defendant. (3) No legal process has issued out of this court and been served on the defendant. (4) For want of affidavit as a basis for the writ of attachment." Counsel also made motion to dismiss the proceedings: "(1) Because the garnishment was issued without bond as required by section 4303 of the Code. (2) Because the paper purporting to be a bond on which the garnishment issued is no bond. (3) Because in said paper purporting to be a bond H. Miller is described as the plaintiff, and there is no case of H. Miller against this defendant."

J. E. Johnson, E. N. Jones, and P. E. Jones, for pellant. A writ of garnishment cannot lawfully issue against a nonresident unless supported either by an attachment or a judgment, and the giving of the bond did not operate as a general appearance and will not warrant a judgment in personam.—*Guilford v. Reeves,* 103 Ala. 301; *Henry v. Lenox,* 116 Ga. 9; *Fleming v. Pye,* 43 Tex. 594. The proceedings must be regular.—*Shepherd v. Powers,* 50 Ala. 576. A void levy is not validated by

[Carpenter, Baggett & Co. v. Miller.]

a forthcoming bond.—*Jones v. Baxter*, 146 Ala. 620. Where the proceedings are not commenced by attach, ment, garnishment pending judgment is void.—20 Cyc. 1034, and notes.

MILLER, BONNER & MILLER, for appellee. In garnishment a nonresident is not entitled to notice.—Sec. 4305, Code 1907; *G. & A. Ry. v. Stollenwerck*, 122 Ala. 539. This is not true in attachment.—Sec. 2931, Code 1907. Garnishment is a species of attachment and falls within the influence of the attachment statute.—*White v. Simpson*, 107 Ala. 386. The defendant executed and filed a bond dissolving the garnishment, and this operated as an admission of notice both of the garnishment and suit, and was sufficient to sustain a personal judgment.—*Chastom, et al. v. Armstrong*, Ala. Ala. 215; *Peebles v. Ware*, 60 Ala. 413; *Planters C. & O. Co. v. Waller*, 160 Ala. 217.

WALKER, P. J.—Under our statutes a defendant in an action in which a writ of garnishment has issued has the option of bringing about the discharge of the money or property in the hands of the garnishee either by giving the bond provided for by section 4312 of the Code, "conditioned to pay the amount for which the garnishee may be found indebted or liable to the defendant, and the cost of the garnishment," or by giving the bond provided for by section 4313 of the Code, "conditioned to pay such judgment as may be rendered or ascertained to exist in favor of the plaintiff and against the defendant in the cause, and costs of suit." When the bond provided for by the first mentioned section is the one given, there is no dissolution and dismissal of the garnishment proceeding until the amount of the garnishee's liability has been ascertained, and the

execution of the bond does not render the obligors liable absolutely for the amount of recovery the plaintiff may obtain against the defendant, without regard to whether or not the garnishee is liable in any way to the defendant in such amount.—*Collins et al. v. Baldwin & Co.,* 109 Ala. 402, 19 South. 862; *Guilford v. Reeves,* 103 Ala. 301, 15 South. 661; *Yeager v. Self,* 121 Ala. 265, 25 South. 777. On the other hand, the other section mentioned expressly provides that "the giving of the bond herein authorized operates to discharge all garnishees in the cause, whether one or more," and also that, "upon the trial of the cause, if judgment is rendered or ascertained to exist in favor of the plaintiff against the defendant, the court must also render judgment against the obligors in the bond for the amount of such judgment, interest thereon, and costs of suit," whether the garnishee may or may not have been liable in any way to the defendant. In the one case the judgment that may be rendered against the defendant and the surety on the bond is conditioned upon a finding that the garnishee was indebted or liable to the defendant in money or property, and is limited by the amount or value of such money or property as ascertained by the judgment; while in the other case the execution of the bond has the effect of dissolving the garnishment, finally discharging the garnishee, releasing the garnished money or property from the grasp of the proceeding, and subjecting the defendant and the surety on the bond to a personal judgment for whatever amount may be ascertained to be due from the defendant to the plaintiff.

In the case at bar the defendants gave the bond provided for by section 4313 of the Code. That act amounted to an admission by them of notice of the suit, and was as effectual to subject them to a personal judgment in favor of the plaintiff as would have been a ser-

vice of the summons and complaint.—*Peebles v. Weir,*
60 Ala. 413; *Rhodes & Broadfoot v. Smith,* 66 Ala. 174;
*Chastain & Lawrence v. Armstrong,* 85 Ala. 215, 3
South. 788.

After the defendants had so connected themselves
with the suit by the execution of the bond, they, by at-
torneys professing to appear specially for them for the
purposes of the motions, entered motions to dismiss the
cause out of court, to strike it from the docket, and to
dismiss the proceedings; the motions being based upon
the absence of service of personal process upon the de-
fendants, and upon the alleged invalidity of the garnish-
ment proceedings.

The objection based upon the absence of service up-
on the defendants of a copy of the summons and com-
plaint had been obviated by the appearance of the de-
fendants in the suit by their execution of the bond above
mentioned and procuring its approval and filing in the
cause. As that act was by the court given the effect of
having as completely eliminated the garnishment pro-
ceeding as if it had never been instituted, the question
as to whether or not the garnishee had been liable not
even being considered, the only judgment rendered in the
cause being a personal judgment against the defend-
ants and the surety on that bond, it sufficiently appears
that, when the effort was made to bring that proceed-
ing into question, it had already, at the instance of the
defendants themselves, been finally disposed of and put
out of the case, so that an inquiry as to its regularity
or validity had ceased to be material. By the judgment
appealed from, the plaintiff took nothing by virtue of
the garnishment proceeding, and the defendants could
not have been prejudiced by the rulings on the motions
above mentioned so far as they related to that proceed-
ing. The defendants had appeared in the case and sub-

.jected themselves to a personal judgment. No other judgment was rendered in favor of the plaintiff. The motions were properly overruled as being based on matters which had ceased to be material.

The appellants could not have been prejudiced by the overruling of their objections to the proof of the service by publication of the notice of the writ of garnishment. In the personal judgment rendered nothing was adjudged in favor of the plaintiff by virtue of that service. That judgment is supported by defendants' admission of notice of the suit, and is not at all dependent for support upon the proof of a service by publication of a writ of garnishment, which, at the time of the rendition of the judgment, had ceased to cut any figure in the case.

Affirmed.