A. B. LONERGAN AND F. L. KENDRICK, *Appellants,* v. J. O. PEEBLES AND ALICE L. PEEBLES, HUSBAND AND WIFE, THE BANKING, SAVINGS & TRUST COMPANY, A CORPORATION, AND J. H. SMITHWICK, *Appellees.*

Opinion filed October 19, 1917.

1. A motion to dismiss a second appeal on the ground that it was taken "while an appeal was pending from the same

final decree and undisposed of" will be denied where the first appeal was dismissed before the motion is made to dismiss the second appeal.

2. A motion to dismiss an appeal on the ground that it does not appear by the record here that the entry of appeal was duly recorded will be denied where the motion to dismiss contains a ground that is not confined to the question of jurisdiction of the appellee, but extends to the cause of action and amounts to a general appearancce in the cause in this court, even though the motion states that the movants appear specially for the purpose 'of the motion and for no other purpose.

Motion denied.

*H. S. Laird* and *Smith & Wilkinson,* for Appellants;

*Watson & Pasco,* for Appellees.

WHITFIELD, J.—In a foreclosure proceeding the complainants on June 24, 1917, entered an appeal from a decree rendered in the cause on March 10, 1917, returnable August 23, 1917. The transcript also contains an entry of appeal by the complainants taken March 17, 1917, from the decree of March 10, 1917, and returnable May 19, 1917. The appellees, J. H. Smithwick and the Banking, Savings & Trust Company, move to dismiss the appeal taken June 24, 1917, on the grounds that "it does not appear from the record here that the court has acquired jurisdiction of these appellees; and that said appeal was entered and filed while an appeal was pending from the same final decree and undisposed of."

In DaCosta v. Dibble, 45 Fla. 225, 33 South. Rep. 466, it was held that "under our practice there is no necessity to clog up and confuse the appellate proceedings in this

court by double appeals, and we are, therefore, of opinion that when an appeal duly entered of record and effectual in every respect to transfer the cause to this court for review has been taken, it is irregular for the appellant during the term to which it is returnable to enter another without dismissing the first, and in the absence of such dismissal before the hearing of a motion to dismiss, the motion should be granted." In that case the first appeal was not properly dismissed when the motion was made to dismiss the second appeal. In this case the records of this court show that the first appeal was properly dismissed on August 23, 1917. The motion to dismiss the second appeal was filed here October 8, 1917. By voluntarily dismissing the first appeal on the return day of the second appeal an intention to abandon the first appeal is made manifest and the technical rule announced in the DaCosta case will not be extended to the facts of this case. See Dorman v. McDonald, 47 Fla. 252, 36 South. Rep. 52.

The first ground of the motion to dismiss does not state that the entry of appeal was not in fact duly recorded; but reliance is made on the absence from the transcript of evidence that the entry of appeal was duly recorded. Even if no proper record of the entry of appeal was made to give this court jurisdiction of the appellees under the statute, the second ground of the motion is not confined to the question of the jurisdiction of the court over the person of the appellees but extends to the cause of action and amounts to a general appearance in the cause even though the motion states that the named appellees appeared specially for the purposes of this motion and for no other purpose. See Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670; Ray v. Trice, 48 Fla. 297,

37 South. Rep. 582; Florida Cent. & P. R. Co. v. Peacock, 44 Fla. 176, 33 South. Rep. 247.

Motion to dismiss denied.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.