KATHERINE GREER GARNER, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF CHARLES EDWIN GARNER, DECEASED, *Appellant*, v. HARRIET KRAEER GARNER, AS ADMINISTRATRIX OF THE ESTATE OF CHARLES EDWIN GARNER, JR., DECEASED, *Appellee*.

Opinion Filed January 30, 1922.

Petition for Rehearing Denied February 23, 1922.

1. The provisions of Chapter 7841, Acts of 1919, do not supersede the appellate procedure provided for in Sections 1710, 1711, 1712 and 1911, General Statutes of 1906, and Chapter 7355, Acts of 1917.

2. Where the entry of appeal filed in the Circuit Court is sufficient to give the Supreme Court jurisdiction of the subject matter of the cause, but the failure of the clerk to record the entry of appeal in the chancery order book as is required by the statute as a substitute for a citation, the Supreme Court does not have jurisdiction of the person of the appellee unless there is a general appearance or waiver.

3. A motion to dismiss an appeal on the ground that it does not appear by the record here that the entry of appeal was duly recorded will be denied where the motion to dismiss contains a ground that is not confined to the question of jurisdiction of the appellee, but extends to the cause of action and amounts to a general appearance in the cause in this court, even though the motion states that the movants appear specially for the purpose of the motion, and for no other purpose.

4. Where a party appears specially for the purpose of presenting the question of jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the cause by him, and if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it purports to be made in pursuance of a special appearance.

5. Where an appellee appears generally in the Supreme Court and moves to dismiss the appeal upon grounds other than those relating solely to the jurisdiction over his person, he cannot be permitted to question the sufficiency of the recorded entry of appeal to give the appellate court jurisdiction over his person.

A motion to dismiss the appeal.

Motion denied.

*George M. Powell,* for Appellant;

*W. M. Toomer* and *Stanton Walker,* for Appellee.

WHITFIELD, J.—An appeal was taken to the Circuit Court from an order made by the County Judge in the exercise of his probate jurisdiction. The order was affirmed by the Circuit Court. An appeal from the order of affirmance was taken to this court.

The appellee moves here to dismiss the appeal taken to this court, upon the following grounds:

"1.  That it affirmatively appears from the transcript of the record that no notice of appeal has ever been given in this cause as required by law.

"2.  That it affirmatively appears from the transcript of the record that no entry of appeal in this cause has been entered in the Chancery Order Book by the Clerk of the Circuit Court of Duval County, Florida, and that no record of said entry in said Chancery Order Book was ever made and no sufficient notice of said appeal ever given to said appellee to give this court jurisdiction of this cause or of this appellee.

"4.  That it affirmatively appears from the clerk's certificate that the record in the above cause is not properly authenticated.

"5.  That it affirmatively appears from the transcript of record in this cause that no matters are before this court for determination.

"6.  That it affirmatively appears from the transcript in this cause that the record of this cause is not properly before this court."

The constitution contains the following provisions:

"The county judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the legislature may prescribe. The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. He shall have the power of a committing magistrate and shall issue all licenses required by law to be issued in the county." Sec. 17, Art. V.

"The Circuits Courts * * * shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's courts, and of all cases arising before justices of the peace in counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the legislature may provide." Sec. 11, Art. V.

"The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in circuit courts, and of appeals from the circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of

felony in the criminal courts, and in all criminal cases originating in the circuit courts.'' Sec. 5, Art. V.

Relevant statutes are:

''Appeals from the county judge to the circuit court in matters pertaining to his probate jurisdiction and in the management of the estates of infants, and from the circuit court to the Supreme Court in such matters arising before the county judge, shall be governed in all respects by the law and rules regulating appeals in chancery.''

''When such appeal is from the order, judgment or decree of the county judge to the circuit court and shall be made in open court, it shall be in writing and recorded immediately following after and in the same book where record is made of such order, judgment or decree, and it shall likewise be in writing if made after the entry of the judgment, order or decree in vacation and shall as near as practicable be likewise recorded.''

''If the notice be given in open court, no further notice shall be required; but if it be given in vacation, the clerk or judge of said court shall issue to the appellee a citation, which shall be returnable, and shall be served in like manner and time, as writs of sci. fa. ad aud. errores in the cases.''

''Notice of entry of all appeals in chancery causes, whether taken in open court or in vacation, shall be filed with the clerk of the court whose order or decree is to be reviewed, and by such clerk shall be forthwith entered in the chancery order book; and no other or further notice of such appeal shall be required to be given or served in order to give to the Supreme Court complete jurisdiction over the person of the appellee, but the record of such entry in the chancery order book shall be taken and held to be

sufficient notice to the appellee of the taking of said appeal and of the pendency thereof in the Supreme Court.'' Secs. 1710, 1711, 1712 and 1911 Gen. Stats. 1906, Secs. 2923, 2924, 2925 and 3172, Rev. Gen. Stats. 1920.

''AN ACT to Provide a Simplified Method of Taking and Prosecuting Appeals from County Courts, County Judge's Courts and Justice of the Peace Courts of this State.

''*Be It Enacted by the Legislature of the State of Florida*:

''Section 1. Any judgment of a County Court, County Judge's Court or Justice of the Peace Court of this State may be reviewed by the proper Appellate Court having jurisdiction of the appeal, in the following manner:

'' (1)  If there be matters *in pais* which require a Bill of Exceptions, such Bill of Exceptions shall be prepared, presented and filed with the judge of the court within sixty days after the adjournment of the court in the same manner and subject to the same rules and regulations in regard to settling and signing the same as prevail in Circuit Courts.

'' (2)  The party appealing shall enter his written notice of appeal by filing the same with the clerk, or judge if there be no clerk, and a copy of such entry of appeal shall be served upon the defendant in error, or his attorney, or the State's Attorney, if the appeal be taken in a criminal case, and such entry of appeal filed shall be forthwith entered of record in the cause being appealed, and shall give the appellate court full and complete jurisdiction of the subject matter and the parties without the service of any process whatsoever.

"(3)   Appeals under this Act shall be made returnable before the proper appellate court not less than thirty nor more than ninety days from the filing thereof, and shall be sued out within three months from the date of rendition of the judgment.

"(4)   It shall be the duty of the judge of the court whose judgment is appealed from to forthwith transmit under his hand and seal to the proper appellate court, the entire original record of the cause being appealed, including the original bill of exceptions signed and settled as well as all other papers on file in the cause, together with the entry of appeal, filed, on or before the return day of said appeal, and a certificate from the court reciting that such records constitute all the records and files in said cause.

"(5)   It shall be the duty of the appellant or plaintiff in error to file his complete assignment of errors in the appellate court within ten days from the return day of the appeal, and to serve a copy thereof on the opposing counsel, if any appear in the appellate court.

"(6)   The appellate court shall thereupon proceed, to hear and determine the errors assigned, whether in term time or vacation, and affirm or reverse the judgment appealed from as the justice of the cause shall require, without regard to. any presumption being indulged in to sup-. port the correctness of the judgment appealed from, and shall issue its mandate to the lower court, with its findings on such appeal, within not less than ten nor more than thirty days after the rendition of its decision, and transmit back to the lower court the record sent up in said cause.

"Sec. 2.    All laws and parts of laws in conflict with this Act be, and the same are hereby, repealed.

"Sec. 3. This Act shall take effect upon its passage and approval by the Governor.

"Approved May 23, 1919." Chap. 7841, Acts of 1919.

"AN ACT to Regulate the Procedure in Appeals in Chancery Causes from the Circuit Courts of the State of Florida to the Supreme Court of Florida.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. That from and after the passage of this Act whenever an appeal is entered to the Supreme Court of Florida, from any decree, interlocutory or final, made by any circuit court, the parties to said cause may stipulate and agree in writing what portions and parts of the papers and testimony introduced in the trial shall be included in the transcript of the record to be sent to the Supreme Court of Florida for the determination of said cause. Provided, however, that in case of appeal the decree or decrees of the court appealed from, shall in every case be copied in full in the transcript of record.

"Approved May 26, 1917." Chap. 7355, Acts of 1917.

In view of the differential provisions of the constitution as to the jurisdiction of county judges in law cases and in probate matters and as to the appellate jurisdiction of the Circuit Courts and of the Supreme Court in the two classes of jurisdiction, it is obvious from the language of Chapter 7841, Acts of 1919, that it is applicable only to law cases and that its intent and purpose were not to supersede the appellate procedure previously provided by Sections 1710, 1711, 1712 and 1911, General Statutes 1906, and Chapter 7355, Acts of 1917, in probate matters from

the county judge's court to the Circuit Court and from the Circuit Court to the Supreme Court. See Finch v. Bonar, 46 Fla. 246, 35 South. Rep. 189.

The entry of the appeal filed in the Circuit Court was sufficient to give the Supreme Court jurisdiction of the subject matter of the appeal. See Henry Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep. 695; Stovall v. Stovall, 77 Fla. 116, 80 South. Rep. 744.

But because of the failure of the clerk to record the entry of appeal in the chancery order book as required by the statute as a substitute for a citation, the Supreme Court does not have jurisdiction of the appellee, unless there is a general appearance or a waiver.

A motion to dismiss an appeal on the ground that it does not appear by the record here that the entry of appeal was duly recorded will be denied where the motion to dismiss contains a ground that is not confined to the question of jurisdiction of the appellee but extends to the cause of action and amounts to a general appearance in the cause in this court, even though the motion states that the movants appear specially for the purpose of the motion, and for no other purpose. Lonergan v. Peebles, 74 Fla. 123, 76 South. Rep. 694.

Where a party appears specially for the purpose of presenting the question of jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the cause by him, and if he does so, the motion will be held to be a

general appearance, notwithstanding the fact that it purports to be made in pursuance of a special appearance.

Where an appellee appears generally in the Supreme Court and moves to dismiss the appeal upon grounds other than those relating solely to the jurisdiction over his person, he can not be permitted to question the sufficiency of the recorded entry of appeal to give the appellate court jurisdiction over his person. Ray v. Trice, 48 Fla. 297, text 299, 37 South. Rep. 582; Dudley v. White, 44 Fla. 264, 31 South. Rep. 830.

The fourth, fifth and sixth grounds of the motion to dismiss the appeal relate to matters that do not go to the jurisdiction of the court over the appellee and such grounds amount to a general appearance in the cause in this court. Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670; Southern States Land & Timber Co. v. Lowe, 61 Fla. 775, 55 South. Rep. 73; Henry Vogt Mach. Co. v. Milton Land & Investment Co., *supra.*, Williams v. La Penotiere, 26 Fla. 333, 7 South. Rep. 869.

The transcript of the record is properly authenticated for filing in this court.

Motion to dismiss denied.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.