SUSAN ROBERTA TAYLOR v. HOWARD MILTON TAYLOR.

182 So. 238.

Opinion Filed June 9, 1938.

*Eldon L. Boyce,* for Appellant;

*Marrow & Mayes,* for Appellee.

BUFORD, J.—The appeal brings for review order denying motion to quash service and holding that the motion constituted a general appearance.

The motion stated:

"Comes now the defendant Susan Roberta Taylor appearing herein specially and solely for the purpose of contesting the jurisdiction of this Court: (1) over the person of this defendant, and/or (2) over the subject matter of this suit, and not otherwise, and thereupon says:" .

Then followed two grounds of the motion to quash. The second ground contained the following:

"That the said plaintiff left said City of Baltimore around the 10th day of November, 1937, presumably on a vacation trip to Florida and that it is the belief of the movant that the said plaintiff came to the State of Florida solely for the purpose of instituting these divorce proceedings.

"This movant would further show that the absence of the plaintiff from the matrimonial domicile of the plaintiff and defendant in Baltimore, Maryland, was not caused or occasioned by any default of the defendant.

"WHEREFORE, the defendant respectfully submits that this Court has no jurisdiction over the person of defendant, nor

has the Court the lawful right to hear and determine the alleged right or rights of plaintiff to be divorced from this defendant or to grant plaintiff any relief in such cause whatsoever."

The Court held that the motion constituted a general appearance and whether or not this was a correct holding is the only question for our determination.

The bill of complaint alleged:

"Plaintiff would show unto the Court that for a short time after their marriage, their relations were congenial and fairly happy; that they both apparently had the same desires, which were to have a nice family and to proceed along a program of financial ambition and otherwise; that plaintiff was very busily engaged in activities of his business, but devoted as much of his time to the home as possible, toward making its surroundings that of happiness, peace and contentment; plaintiff would show unto the Court, however, that after a few years the defendant seemed to lose all interest in the plaintiff, and failed to show a proper attitude toward the plaintiff; she failed to cooperate with him in the running of the home, and in the many other activities which were necessary in the program of ilfe which had been promulgated and agreed to by them; that conditions became such that in 1908, approximately five years after their marriage, the defendant by her actions and conduct toward the plaintiff and her careless manner of living, made it impossible for them to continue their married life of congeniality and happiness; that the defendant having lost all apparent interest in the plaintiff became a naggy, impossible, disinterested person; that she became uncouth in her person; that she lost all affectionate interest in the plaintiff, and by her general demeanor around the home and her attitude toward plaintiff, made it impossible for him to continue the marital relations, and made it necessary for them

to occupy separate parts of said home premises; that said condition has continued on down through the years, except that conditions have continued to get worse and worse; that during the early period of said condition, plaintiff was willing to suffer the nagging and other unfortunate events and actions on the part of the defendant because of his love for the children and his desire to eventually work out a solution of the unfortunate problems; but as the years passed, it developed that the problems became worse and the situation become more impossible; the defendant continued her attitude and was never satisfied with anything the plaintiff could possibly do for her; she become more nagging, more greedy, more disinterested in the affairs of the home and in the life of the plaintiff—in fact, showed no interest in anything that the plaintiff would do."

The bill further alleged:

"(d) That at the birth of the last child, the defendant attempted, either maliciously or otherwise, to deceive the plaintiff in failing to tell him of her condition—in fact, she claimed up until the last two or three months prior to the birth of the child that there was nothing wrong with her, that she was not pregnant, thereby making it necessary for plaintiff to spend large sums of money in sending the defendant to a physician; that after it was determined that she was pregnant, the defendant failed to make any preparations for the birth of the child, failed to cooperate with the plaintiff, and made conditions very disagreeable for the plaintiff; that when the child was born, the defendant had made no arrangements for any clothes or children's supplies and necessities, not even having a single garment to place upon the child at its birth, notwithstanding the fact that plaintiff has sought to cooperate with the defendant and to assist her in such matters; he was not accorded any cooperation, with the result that when the child was born,

friends had to be called in, and the plaintiff had to personally go out and make arrangements for clothes, nurses and all the necessary essentials required on such occasion.

"(e) That while they had stopped living together a long period of years prior to the summer of 1937, they had occupied the same winter home in Baltimore, though living in separate parts of the house, they had spent their summers at a country place on the Severn River, where they also occupied separate parts of the house; that the plaintiff had always looked forward to having his grandchildren with him in the summer time, and that when the question came up of the grandchildren, of whom there were two by his son and two by one of his daughters, the defendant refused to have the children come there and spend. the summer, stating that she could not be bothered with having the children there, notwithstanding the fact that in previous summers they had spent part of the time there; that finally in the latter part of the summer, the daughter was permitted to bring her children down to the place, but that the children of the son who lived in Baltimore were never permitted to be brought there, thereby depriving plaintiff of the happiness which he would derive from having his grandchildren with him.

"(f) That there were many other numerous incidents and events which could be set up to show the indifference and impossible attitude of the defendant toward the plaintiff."

It is, therefore, clearly apparent that the allegation,

"That the said plaintiff left said City of Baltimore around the 10th day of November, 1937, presumably on a vacation trip to Florida and that it is the belief of the movant that the said plaintiff came to the State of Florida solely for the purpose of instituting these divorce proceedings.

"This movant would further show that the absence of

the plaintiff from the matrimonial domicile of the plaintiff and defendant in Baltimore, Maryland, was not caused or occasioned by any default of the defendant." — want to the merits of the allegation of the bill of complaint and was entirely aside from the question of the jurisdiction of the Court.

In the case of Garner v. Garner, 83 Fla. 143, 90 Sou. 819, we held:

"Where a party appears specially for the purpose of presenting the question of jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the cause by him, and if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it purports to be made in pursuance of a special appearance."

There was cited Lonergan v. Peeples, 74 Fla. 123, 76 South. Rep. 694.

The intent of the party is immaterial. We said in Rorick v. Stilwell, 101 Fla. 4, 133 Sou. 906,

"The doctrine of waiver of defects in process and in service of process is salutary, and the rule ought to be rigidly applied in every case where the acts of the party can be fairly construed into a waiver, but it would be proceeding with too great strictness to apply such doctrine in a case where it appears that the objecting party took every reasonable precaution to guard against the effect of his special appearance operating as a voluntary appearance rendering unnecessary proper service of process. Upper Missippi Transportation Co. v. Whittaker, 16 Wisconsin 233; Ortell v. Ortell, 107 So. 442, 91 Fla. 50; Chesapeake & O. S. W. R. Co. v. Heath, 9 S. W. 832; 87 Ky. 651.

"If, however, the defendant does take some step in the proceeding which amounts in law to a submission to the

Court's jurisdiction, the fact that the defendant insists that he never so intended or that he does not admit the jurisdiction of the Court over his person, or that he only appears specially and not generally, is insufficient to preclude the court from considering and holding that the defendant has entered a general appearance in contemplation of law, whatever the defendant may choose to denominate his act. Britton v. Goodman, 126 N. E. 767, 235 Mass. 471; Brown v. Shields, 41 Fed. (2nd) 542; Carpenter v. Miller, 56 Sou. 845, 2 Ala. App. 373; East Coast Lumber Co. v. Ellis-Young Co., 39 So. 197, 50 Fla. 215; Oppenheimer v. Guckenheimer, 15 So. 760, 34 Fla. 13; Dudley v. White, 31 So. 830, 44 Fla. 264; Driscoll v. Tillman, 165 Wis. 245, 161 N. W. 795. And in such cases the Court is authorized to hold that the defendant is in court for all purposes. Scarlett v. Hicks, 13 Fla. 314."

There was no error, therefore, in the holding that the document filed constituted a general appearance.

We do not mean to hold, however, that further consideration of the question of jurisdiction is precluded, because if the Circuit Court was and is without jurisdiction of the parties because of the fact, if it should be shown to be a fact, that the complainant had not established his residence in Florida, but was in Florida only temporarily for the purpose of procuring a divorce, then the general appearance of the defendant cannot confer jurisdiction on the court.

Chapter 16975, Acts of 1935, contemplates the establishment of residence in Florida and not merely sojourning for a period of ninety days.

For the reasons stated, the order appealed from is affirmed and the cause remanded for further proceedings.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.