TUXFORD, et ux v. TUXFORD.
TUXFORD, et ux v. BENSON.

Nos. 59 C 7829, 59 C 7830.

Circuit Court, Dade County.
January 26, 1960.

George H. Salley and W. L. Robinson, both of Miami, for petitioners.

S. George Albion, Albion & Greenfield, Miami, for Barbara Tuxford.

Daniel Neal Heller, Miami, and James Maxwell Fassett, New York City, for Clark C. Benson.

ROBERT H. ANDERSON, Circuit Judge.

The court sat in these two cases and heard testimony on January 19 and 20, 1960. Inasmuch as the cases were not concluded at that time, the hearings were continued to March 15, 1960.

In view of the conclusion the court has reached, further hearings will not be necessary, as the petitions will be dismissed.

The petitioner Jay W. Tuxford has been married four times. According to his testimony he was married to Myrtle White in 1937 and divorced on April 1st, 1941; in 1942, to Gertrude Lincoln and divorced on September 2, 1946; in 1947 he married Barbara McCauley and they were allegedly divorced on October 22, 1957. On December 21, 1957 he was married to Arlene Benson, the co-petitioner.

If Tuxford's decree of divorce from Barbara McCauley entered by the circuit court of Marion County, Alabama, on October 22, 1957 was void, it follows that he is not legally married to Arlene Benson, and therefore their petitions for adoption should be dismissed.

Tuxford admits that on October 13, 1957 he was living in the state of Connecticut with his then wife, Barbara. On October 17, 18 and 19, 1957, he attended a furniture show at High Point, North Carolina. He had never lived in the state of Alabama, but about this time he decided to go there and establish his residence and seek employment. On Saturday, October the 19th, he left High Point, North Carolina, for Alabama, having made up his mind to become a resident of that state. He applied for and received a driver's license in Alabama and registered his automobile there. Thereafter he obtained counsel and instituted suit for divorce in the circuit court of Marion County, Alabama. On October 18, 1957, he filed, through an attorney, a bill of complaint against Barbara Tuxford in which he alleged he was a bona fide resident of Alabama and had been such "for the time required by law". He charged that the respondent, Barbara Tuxford, had committed actual violence upon his person attended with danger to his life and health for which reason they became separated. An "Answer and Waiver" was filed on October 19th, 1957, apparently signed by Barbara Tuxford and an attorney, in which she stated that she accepted service of the bill of complaint, waived notice of the time and place for taking testimony and consented that any testimony might be taken before a notary public of the state of Alabama without the issuance of a formal commission; she waived notice of the time

and place of submission of said cause and agreed that the complainant might submit his cause for final decree on such testimony, the bill of complaint and the answer without other or further notice to the defendant. For answer to the bill of complaint she denied the allegations thereof.

On October 21, 1957, Tuxford made and filed the following affidavit —

"My name is Jay Tuxford. I am forty-one years of age and a bona fide resident citizen of the State of Alabama and have been such for the period of time required by law. The Respondent, Barbara Tuxford, is thirty-eight years of age and is a non-resident of the State of Alabama. The Respondent and I were married April 21, 1947. The Respondent and I were separated August 26, 1957. She is an emotionally unstable person and becomes aggravated without provocation. Each time she would have a temper tantrum, it would grow worse. On several occasions she has scratched and kicked me and it was necessary that I hold her to protect myself. At the time we separated, she told me "I wish I had done what I started to do several times. I am sorry I didn't." She told me that on several occasions, before our separation, while I was asleep, she had started to take a heavy plaster lamp which we used on a night table and bash my skull. I knew from her conduct it was dangerous for me to continue to live with her as man and wife."

On the following day, October 22, 1957, the judge of the circuit court of Marion County, Alabama, made and entered a final decree upon the bill of complaint, acceptance of service of process and answer and waiver of the respondent and testimony as shown by the note of submission, and thereupon the court found that it had jurisdiction of the parties and of the cause of action and that the complainant was entitled to the relief prayed. It was ordered, adjudged and decreed that the bonds of matrimony existing between the complainant and the respondent were dissolved and the said Jay Tuxford forever divorced from the said Barbara Tuxford for and on account of physical cruelty as alleged in the complaint. The complainant was ordered to pay the costs. Thereupon Tuxford left Alabama, never to return.

That this decree was void almost seems to go without saying.

In Williams against the State of North Carolina (1945), 325 U.S. 226, 65 S.C. 1092, 89 L. Ed. 1577, 157 A.L.R. 1366, the Supreme Court of the United States said that a state decree of divorce

may be collaterally impeached in another state for want of jurisdiction, though the record purports to show jurisdiction.

At the time of the rendition of this decree, the Code of Alabama provided as follows —

"The Code of Alabama, 1953 Cumulative Pocket Part. Vol. 6. Title 34, Section 29. (7416) (3802) (1494) (2330) (2693) (2359) (1969) If defendant a nonresident, a year's residence by plaintiff must be proved. * * * When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided, however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action. (1945, p. 691, appvd. July 6, 1945)."

The Alabama Supreme Court, construing the above provision, in Jennings v. Jennings (1948), 251 Ala. 73, 36 So. 2d 236, 3 A.L.R. 2d 662, held —"This section does not give the court power to render a decree of divorce when not only the respondent but also the complainant resides in another state." This case was said to involve the power of the legislature to authorize a decree of divorce when the parties were personally before the court but reside in another state. The averments of the bill showed that the complainant resided in South Carolina. They showed that the defendant also resided in South Carolina. At the time the bill was filed, an answer admitting the allegations of the bill, except the charge of drunkenness, was filed and the defendant submitted himself to the jurisdiction of the court. Without hearing the case on the merits, the court dismissed the bill on the theory it had no jurisdiction of the case and the plaintiff appealed. The decree of the chancellor was affirmed on the ground that it was not in the power of the legislature to confer on state courts jurisdiction to grant divorces to non-residents.

This is in accord with the law of Florida. Taylor v. Taylor (1938), 132 Fla. 690, 182 So. 238. The decree of divorce cannot be recognized under principles of comity or under the full faith and credit clause. It follows therefore, that the petitioner Tuxford, never having been legally divorced from his former wife Barbara, was never lawfully married to the petitioner, Arlene Benson Tuxford, and they cannot maintain this proceeding.

Accordingly, the petitions are dismissed at the petitioners' cost.