HOMER MOORE, *Petitioner,* v. CITY OF TAMPA, *Respondent.*

En Banc.

Opinion Filed January 10, 1925.

1. Where within thirty days after a conviction in a municipal court a writ of error is duly taken from the Circuit Court to such judgment of conviction in the municipal court, and the writ is made returnable more than thirty days and less than ninety days from the date of the writ 'of error, and the defendant in error appears in the cause, the Circuit Court has jurisdiction to determine the cause on its merits.

2. The statute does not require briefs to be filed or the record to be indexed on a writ of error taken to the Circuit Court. Rules 13 and 20 of the Supreme Court Rules, relating to indexing records and filing briefs, do not apply to writs of error in the Circuit Courts.

A case of original jurisdiction.

Order quashed.

*Mabry, Reaves & Carlton,* for Petitioner;

*James M. Cathcart,* for Respondent.

WHITFIELD, J.—On July 17, 1922, the petitioner was convicted in the municipal court of a violation of a city ordinance. On August 14, 1922, writ of error was taken to the Circuit Court pursuant to the statute, the writ being made returnable September 30, 1922.

Section 6156, Revised General Statutes of 1920, is as follows:

"Any person charged before and convicted in any municipal or recorder's court within this State of any offense may have a writ of error from the judgment of such court

to the circuit court of the county in which such conviction took place, within thirty days of such conviction. Such person shall enter into a bond in double the amount of the fine and cost assessed in such municipal or recorder's court, or if the judgment of such municipal or recorder's court be imprisonment for a term in the jail of said municipality, then such bond shall be in an amount sufficient to cover all costs taxed in the circuit court on appeal, and not less than ten nor more than two hundred dollars additional in the discretion of the mayor or recorder, with one or more sufficient sureties, to be approved by the clerk of the circuit court; conditioned to prosecute his writ of error at the ensuing term of the circuit court in said county, and to abide the judgment of the court therein. When such bond is entered into and filed with the clerk of the circuit court, it shall operate as a supersedeas. Such writ of error shall be taken to the circuit court with bill of exceptions, within said thirty days, in the same manner as now prescribed by law for writs of error from the circuit court to the Supreme Court.

"The clerk of such municipal or recorder's court shall be entitled to the same fees as the clerks of the circuit court for like services for making up the records on writs of error from municipal or recorder's courts; Provided, That such costs shall be taxed in the circuit court upon the final decision of the writ of error, and such costs shall be paid by the municipality out of its treasury, if such decision on appeal is adverse to said municipality. The clerk of the circuit court shall be allowed a fee of one dollar for approving the appeal bond, payable when the bond is filed with him by the appellant."

The statute provides that a writ of error "shall be returnable to a day, either in term time or vacation more than

thirty days and not more than ninety days from the date of the writ.'' Sec. 2908, Rev. Gen. Stats. 1920.

A motion was made in the Circuit Court to dismiss the writ of error on the following grounds:

''1. The plaintiff in error has failed to comply with the statutes and rules of practice relative to appeals from a municipal court.

''2. Because this court has no jurisdiction of the parties.

''3. Because this court has no jurisdiction of the subject matter.

''4. Because the plaintiff in error has failed to file a brief within the time allowed by law.

''5. Because the plaintiff in error has failed to comply with Rule 13 of the Rules of the Supreme Court of the State of Florida as to indexing records.''

The court made the following order:

''The foregoing cause coming on to be heard upon motion of counsel for defendant in error to dismiss said cause upon the grounds stated in motion duly filed herein on November 13, 1922, and the court being of the opinion that the cause is not properly before this court for the reason that the record is not indexed and briefs have not been filed as required by the rules of practice of the Supreme Court, and for the further reason that the said cause was not brought to this court within thirty days from the conviction in the municipal court as required by law, it is therefore upon consideration hereof

''ORDERED that said motion to dismiss be and the same is hereby granted.

''It is further ORDERED that the motion of counsel of plaintiff in error for leave to index the record and file

briefs within such time as the court may now allow be and the same is hereby denied.''

A motion for rehearing was denied.

This court granted a writ of certiorari.

The writ of error was manifestly taken and made returnable according to the statute. Service of a *scire facias* was "received" by the Mayor Commissioner of the city, and the grounds of the motion to dismiss was a general appearance. Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670.

The statute provides that a person convicted in a municipal court "may have a writ of error" "within thirty days" but it does not require the writ to be returnable within thirty days. It is provided that the writ of error shall be taken within thirty days but "in the same manner" as writs of error to the Supreme Court, which requires such writs to be made returnable "more than thirty days and not more than ninety days from the date of the writ."

The statute does not require briefs to be filed or the record to be indexed on a writ of error taken to the Circuit Court. Rules 13 and 20 of the Supreme Court Rules, relating to indexing records and filing briefs, do not apply to writs of error in the Circuit Courts.

As the Circuit Court had jurisdiction of the cause and of the parties, the writ of error should not have been dismissed. The order dismissing the writ of error is quashed, and the court will determine the writ of error on its merits.

It is so ordered.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.