## L. G. DILLARD AND WIFE, APPELLANTS, VS. E. W. AGNEW & CO., APPELLEES.

A mere notice signed by solicitors for appellants to solicitor for appellees that they have taken an appeal from a decree of the Circuit Court to a designated term of this court, upon which solicitor for appellees has endorsed "I accept service of a copy hereof," is not sufficient to give this court jurisdiction of the persons of the appellees. Such notice is not equivalent to the judicial writ of citation, and such acceptance of service does not waive the issuing and service of a citation. The appellees never having appeared in this court, we have no jurisdiction over them, and can not enter any judgment affecting their rights.

Appeal from the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*Miller* and *Spencer*, for Appellants.

No Appearance for Appellee.

LIDDON, J.:

This is an appeal from a decree in chancery. It was not taken in open court. There is no brief or appearance of any kind on behalf of the appellees. Neither have the appellants applied for a citation upon appeal to the Clerk of the Circuit Court or of this court, as provided by rule 95 Circuit Court Rules in Equity. No citation has been issued in the cause or served upon appellees. The only thing in the record in the form of an attempt to give notice to the appellees of the appeal are two notices. These notices are in the following form, omitting the titles of the cause: "The complain-

ants and their solicitors will take notice that we have this day entered our appeal to the Supreme Court of Florida, at the January term thereof, A. D. 1892, from the final decree of foreclosure in this cause rendered the second day of July, A. D. 1889, and from all interlocutory decrees and orders made and entered in the said cause, and from the decree of the 20th day of September, A. D. 1889, confirming the report of the master.

MILLER & SPENCER,<br>Solicitors for Defendants.

Service of a copy of this notice accepted this 4th day of June, 1891.

R. L. ANDERSON,<br>Complainant's Solicitor."

"Now come the said defendants and amend their entry of appeal in this cause by adding the words: 'The said defendants also appeal from the supplemental decree of September 20th, 1889, giving judgment for deficiency against the defendants, and from the judgment entered thereon, and from all other orders, decrees and judgments in said suit.'

MILLER & SPENCER,<br>Solicitors for Defendants.

The complainants' solicitors are hereby notified that the entry of appeal in this cause has been amended as above.

MILLER & SPENCER,<br>Solicitors for Defendants.

I accept service of a copy hereof this 13th day of June, 1891.

R. L. ANDERSON,<br>Complainant's Solicitor."

We do not consider the question as to the validity of the appeal taken June 4th, 1891, before the begin-

ning of the June Term of that year, to the January Term of 1892; nor whether such defect in the same was cured by the amended notice (without date) of which service was accepted June 13th, 1891.

The notices of which service was accepted are not equivalent to, and do not answer the place of the judicial writ of citation. The service accepted is merely of a copy of the notice. It simply saved the necessity of regular service and return of the same. It is not a waiver of the issuance and service of citation. It can not of course, have any greater effect than service of the same paper if made by an authorized officer. A paper of this character, without judicial authority, made by the solicitors of the appellants, would have been wholly ineffectual if it had been regularly served by the sheriff of this court.

As the appellees are not in court, no proper writ having been issued or served to bring them here, we can not enter any judgment affecting their rights.

The appeal is dismissed.