EDWIN H. MOTE AND MYRON W. LOVELL, EDWIN S. NEWTON, AS EXECUTOR OF THE WILL OF WILLIAM E. VAIL, DECEASED, OLIVIA H. VAIL, OLIVIA A. LOVELL AND LOUTIE H. MOTE, *Appellants,* v. SALLIE SIMS MORTON AND HER HUSBAND, J. B. MORTON, *Appellees.*

1. The heirs or devisees of one who died after the Revised Statutes went into effect are necessary parties to a bill to foreclose a mortgage on real estate executed by him.

2. It is immaterial whether appellants are jointly interested in a joint assignment of error going to the absence of necessary parties. The appellate court may notice such defect of its own motion.

This case was decided by Division B.

Appeal from Circuit Court for Lake county.

The facts in the case are stated in the opinion of the court.

*J. B. Gaines* and *O. T. Green* for appellants.

*Geo. P. Raney* (with whom was *J. A. Tinnon* on the brief) for appellees.

COCKRELL, J.—Appellees filed their bill to enforce two mortgages given as collateral securities to a note made by Edwin H. Mote; one of the mortgages being executed by the Vails and the Lovells jointly, and the other by the Vails alone. The bill alleges that William E. Vail died in 1900, at his winter residence in Lake county, Florida, and left a will wherein Edwin S. Newton was appointed executor;

it does not appear that the lands covered by these mortgages were devised thereby, but only that the will was duly proven and recorded in New York; that letters were issued to Newton; that a certified transcript of the record and a copy of the will were filed and recorded in the County Court of Lake county, Florida, and thereupon the said Newton was appointed executor by said court and was acting as such in the discharge of said trust. From this statement it will be seen that within the decision in the case of *Scott v. Jenkins*, recently handed down by this court, 46 Fla. 518, 35 South. Rep. 101, the heirs or devisees of the said William E. Vail, deceased, are necessary parties to this suit, and in the absence of such parties a decree of foreclosure is erroneous.

It is immaterial whether the assignments of error being joint, all the parties appellant joining therein are injuriously affected thereby, for the question of necessary parties may be considered by this court under the long established practice, in the absence of any assignment based thereon. This court can not with propriety pass upon the rights of such necessary parties in their absence.

As the decree must be reversed for lack of parties, we do not pass upon any other questions sought to be raised here.

CARTER, P. J., and MAXWELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.