FRANK F. RUMELI, LENORA T. SIMMS, J. W. DUKES AND L. WALTER DUKES, *Appellants,* v. CITY OF TAMPA, A MUNICIPAL CORPORATION, *Appellee.*

1. To what may have been intended as an affidavit for publication to bring in a non-resident defendant, was appended an unsigned and undated jurat, nor was there proof offered that any one authorized to take affidavits actually took the jurat but neglected to affix his signature or seal. *Held,* that such a paper is not a sufficient predicate for constructive service.

2. Absence of necessary parties may be noticed in this court on error assigned by any party.

3. An appeal operates as an appearance, which will permit the court below, after reversal, to proceed with the case.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton* and *Solon B. Turman* for appellants.

*John P. Wall* for appellee.

COCKRELL, J.—The City of Tampa filed a bill to foreclose its tax lien upon certain realty, whereof it is alleged the appellants are the owners or have, or claim to have some interests, the nature of which is unknown but inferior to the tax lien, and prayed for relief and process against them all. Lenora T. Simms and the Dukes were served personally and appeared, and it was sought to get Rumeli in by constructive service. As the sole basis for the attempted service we find in the record the following:

"State of Florida,
County of Hillsborough.

I hereby certify that before me, the undersigned authority, personally appeared John P. Wall, who being duly sworn, deposes and says that he is the solicitor for the City of Tampa, the complainant in the foregoing cause, and that the residence of the said Frank F. Rumeli, one of the defendants in the above named cause, is unknown to the complainant or its attorney or any of its officers, and that the said Frank F. Rumeli, according to the best of his information and belief, is over the age of twenty-one years, and that there is no person in the State of Florida the service of a subpœna upon whom would bind the said defendant.

JOHN P. WALL.

Sworn to and subscribed before me this——day of August, A. D. 1903."

There appears, therefore, on the face of the foregoing an utter lack of an essential feature of an affidavit, *viz*: an officer authorized by law to take affidavits, nor is there any offer *aliunde* the paper itself to prove that any such officer actually took the jurat and neglected to affix his signature or seal; nor does the clerk of the court in any part of the record assert by certificate or otherwise that he took the acknowledgment. Without deciding how far such proof might be admissible, we must reverse the decree on the showing before us. *Reddick v. Joseph*, 35 Fla. 65, 16 South. Rep. 781.

48 Fla—8.

114    SUPREME COURT OF FLORIDA,

State *ex rel.* Att'y-Gen. v. Atlantic C. L. R. R. Co. *et al.*—Syllabus.

The absence of necessary parties in the court below may be noticed in this court, irrespective of who may assign the error. *Mote v. Morton,* 46 Fla. 478, 35 South. Rep. 656.

The appeal of the defendant Rumeli operated as an appearance in the cause, however, which will enable the court below now to proceed in the matter. *Wylly v. Sanford Loan & Trust Co.,* 44 Fla. 818, 33 South. Rep. 453.

The decree is reversed at the cost of the appellee and the cause remanded, with directions to vacate the decree *pro confesso* heretofore entered against the defendant Frank F. Rumeli, and for further proceedings in accordance with equity practice.

TAYLOR, C. J., HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent.

SHACKLEFORD, J., disqualified.