FRANK F. RUMELI, LEONORA T. SIMS, JOHN W. DUKES AND L. WALTER DUKES, APPELLANTS, v. THE CITY OF TAMPA, A MUNICIPAL CORPORATION EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, APPELLEE.

### MOTION TO VACATE FINAL DECREE.

To warrant this court in vacating a decree rendered at a former term, as being void because of matters dehors the record, the evidence should be full, clear and satisfactory, affording cogent and convincing reasons therefor, and showing a meritorious case.

This case was decided by Division B.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the Court.

*Macfarlane & Glen,* for Petition.

*Solon B. Turman* and *F. M. Simonton,* contra.

HOCKER, J. Frank F. Rumeli, on March 1st, 1905, filed his petition here to vacate the decree of this court made at the June term, 1904, in the case of Rumeli *et al.* v. City of Tampa, or that he be permitted to take proper proceedings in the Circuit Court of Hillsborough county, Florida, to review and set aside the said decree.

At the June term, 1904, this court, in the case of Rumeli *et al.* v. City of Tampa, reversed the decree of the court below, because of the fact that Rumeli, one of the appellants, was not properly served with notice of the cause in said court. Rumeli v. City of Tampa, 48 Fla. 112 37, South. Rep. 563. On March 1st, Frank F. Rumeli filed a petition in this court alleging that the solicitor who represented him in this court in taking said appeal had no authority from him to take said appeal, and that it was taken without his knowledge or any information concerning said proceedings until the 23rd of January, A. D. 1905; that he never appeared in either the Circuit or Supreme Court, and neither of said courts had any authority to render a decree affecting the rights of your petitioner; that he does not desire the decree of this court reversing the decree of the Circuit Court to remain in force, but desires the decree of the Circuit Court to remain with the same force and effect that it had when rendered, and prays this court to vacate its decree, or that he be permitted to take proper proceedings in the

Rumeli et al. v. The City of Tampa——Opinion of Court.

Circuit Court of Hillsborough county to review and set aside the said decree by reason of the matters stated. Rumeli's codefendants resisted this application and an order was made for the parties to take and submit testimony. It appears from the evidence that Rumeli claimed to own two lots in Tampa, and several years ago employed M. B. Macfarlane, an attorney at law, to bring actions of ejectment against Leonora Sims, J. W. Dukes and N. Walter Dukes——the codefendants of Rumeli in the case now under consideration, to recover from them the possession of said lots. These actions of ejectment for some reason have never been tried, and are still pending. Rumeli seems to have left the State several years ago, never communicated with his attorney or took any interest whatever in the property or his law suits. The city taxes were not paid and in 1903, the city, by its attorney John P. Wall, filed a bill to enforce the lien against Rumeli, Sims and the Dukes. From the decree in favor of the city the solicitor of the defendants Sims and Dukes took an appeal to this court in the name of all the defendants. There was no summons and severance as to Rumeli. This court as before stated reversed the decree appealed from because Rumeli was not served with process in the court below, and he was alleged by the bill to have an interest in the property involved.

We cannot find that this court has ever committed itself to the doctrine that in such a case as this the lack of an authorized appearance by one of the parties to an appeal was jurisdictional to the extent that the decree of this court was void in toto. Granting that there was a want of such authorized appearance it was a gross irregularity, such as would have caused a dismissal of the appeal, if notice had been taken of it in proper time and no service and severance made; but to hold our decree

void in toto would be carrying the rule further than we are disposed to do as we now understand the law. It seems to us to be a question of correct practice rather than of jurisdiction. The evidence shows that Mr. John P. Wall informed Rumeli of the state of things in St. Louis, Mo., on the 23rd of January, 1905, and on that day paid him $200 and took a fee simple deed of the property in controversy, without warranty, to the Jetton-Dekle Lumber Company, Mr. Wall's client. Mr. Wall was thoroughly informed of our decree, as he was the attorney of the city of Tampa in this court as well as below.    Mr. Solon Turman appears to have acted as solicitor of the appellants in this court. After he had appealed the case he was reminded by Mr. Wall that he had no authority to represent Rumeli, and was told that Mr. W. A. Carter and Mr. Macfarlane represented him. Mr. Turman saw Mr. Carter about the matter and was told by Mr. Carter that, so far as he had authority to do so he authorized Turman to represent Rumeli in the Supreme Court. Mr. Carter had been employed by Mr. Macfarlane to assist him in Rumeli's ejectment suits, and Mr. Macfarlane says that what Mr. Carter said to Turman he approved and told Mr. Carter so. Mr. Macfarlane is not very clear in his testimony as to his authority to represent Rumeli in this particular case. He says that he had not such authority unless he got it "by being originally employed to recover the land, and to take such steps as he thought was to his best interests." Technically Mr. Turman may not have been authorized to represent Rumeli in this court in the appeal, but the evidence satisfies us that both he, Carter and Macfarlane acted in perfect good faith in the matter. There is not the slightest suspicion that either one of them intended to wrong Mr. Rumeli, but were endeavoring to protect his interest in the lots. This court

has no authority now to recall its decree made during the June term, 1904. Forcheimer v. Tarble, 23 Fla. 99, 100, 1 South. Rep. 695, and cases cited.

It may be that that decree would be void as to Rumeli if he had been aggrieved by it, in any substantial way. But he is not aggrieved, for we must have made the same decree if there had been a summons and severance as to Rumeli. The record would still have shown him to be a necessary party and that he had not been brought into court. The evidence shows that since our decision was made the defendants have deposited in the registry of the court below the amounts due the city of Tampa for taxes, solicitors' fees and costs of suit. He has sold his interest in the lots and conveyed them without warranty, with knowledge of the decree of this court, and received the benefit of our decree reversing a decree against him. His name is used in this proceeding upon the condition that he is not to be subject to trouble or costs. We cannot discover in what respect Rumeli is aggrieved by our decree. His grievance seems to be purely academic, to put the best construction upon his petition and the testimony. He says that our decree deprived him of his part of the residue of the $500 paid for the property at the sale under the reversed decree, after deducting the taxes, costs, etc. That residue is less than $200, whereas availing himself of our decree, he sold his interest on January 23rd, 1905, for $200. He got a benefit by our decree and availed himself of it. Furthermore we do not see how he could get any part of the $500 unless he made himself a party to the suit below. He could not test his right to it without becoming such party. If this is what he desires to do, he is not injured by our decree—construing his apparent appearance here into an actual appearance below. If a decision of this court were shown to be void by matter

dehors the record, after the term at which it was rendered, it may be upon a proper showing that we should so decide, in such a proceeding as this. But to authorize such a course the evidence at least should be full, clear and satisfactory, and show a meritorious case on the part of the petitioner. The solemn decisions of this court should not be subject to attack, after the term has passe'd at which they were rendered, except for the most cogent and satisfactory reasons, showing a meritorious case.

The prayers of the petition are denied.

TAYLOR and PARKHILL, JJ., concur.

COCKRELL and WHITFIELD, JJ., concur in the opinion.

SHACKLEFORD, C. J., disqualified.