GENEVA L. FULLER, as Administratrix of the estate of H. L. Montogomery, deceased, *Appellant,* v. FRANCES LOUISE BURRUSS and husband, H. C. BURRUSS, H. L. MONTO-GOMERY, JR., in pro per and by FRANCES W. CHAMBERLIN, as next friend to said H. L. Montogomery, Jr., *Appellees.*

137 So. 241.

Division B.

Opinion filed October 8, 1931.

Petition for rehearing denied November 18, 1931.

*Thos. W. Fielding* and *Zach H. Douglas,* of Gainesville, for Appellant;

*Adkins & Richardson* and *Baxter & Clayton,* of Gainesville, for Appellees.

DAVIS, J.—In this case the Circuit Judge made an order dismissing an appeal taken from an order of the County Judge of Alachua County in a matter pertaining to his Probate Jurisdiction, as authorized by Section 4642, Com. Gen. Laws, 1927, 2923, Rev. Gen. Stats. The ground of dismissal was that the appellant had not complied with Section 4644, Comp. Gen. Laws, 2925 Rev. Gen. Stats., by having issued and served, as provided by that section, a proper citation to the appellees, the appeal not having been taken in open court at the time the decree appealed from was entered.

The record shows that a Citation was issued by the County Judge dated December 13, 1929, and that a copy of this Citation was delivered to counsel for the appellees on the same date. The contention sustained by the Circuit Judge in dismissing the appeal was that the issuance of a citation and the delivery of a copy of same to the *Counsel* for the appellees was not sufficient to give the Circuit Court jurisdiction over the persons of the appellees, in consequence of which the appeal entered, though sufficient to give the court jurisdiction of the subject matter of the appeal, should be dismissed because the court had not obtained jurisdiction over the parties.

In Garner vs. Garner, 83 Fla. 143, 90 So. 819, it was held by this Court that the applicable procedure for prosecuting an appeal from a decree of the County Judge in Probate matters was that provided by sections 4642-4644, incl., Com. Gen. Laws, 1927, 2923-2925 Rev. Gen. Stats. 1920, which were originally sections 1710-1712 Gen. Stats. 1906. It was also held in Christopher vs. Newman, 34 Fla. 370, 16 Sou. 274, that the issuance and service of proper appellate process, such as the citation provided for by section 4644 (2925) supra, in the absence of any waiver on the part of the appellee, are essential to give the appellate court jurisdiction of the appellee's person, and that process of this character could not properly be served upon an attorney of record for the parties, but was required to be served upon the parties themselves when they were residents of the state. Likewise in Dillard vs. Agnew, 37 Fla. 56, 19 Sou. 338, it was held that an acceptance of service of a notice of appeal, where a citation was required by law to be issued and served, was not the equivalent of the judicial writ of citation which the statute made necessary in order to give the appellate court jurisdiction over the persons of the appellees, and that when appellees never voluntarily appeared in Court, that the appellate court

was without authority to enter any judgment affecting their rights.

The appellees here were also appellees in the Circuit Court. Because of the appellant's failure to have issued and served a proper citation, they appeared specially in the Court below and there made their motion to dismiss the appeal because of the absence of a proper citation binding their persons, and this motion, the Court granted. It is argued that by making a motion to dismiss the appeal, the appellees in the Court below recognized the jurisdiction of the Circuit Court over the appeal, and that by making such motion, they thereby appeared in the Circuit Court and gave that Court jurisdiction of their persons, notwithstanding the absence of service of citation. Garner vs. Garner, supra. Lonergan vs. Peeples, 74 Fla. 123, 76 Sou. 694; Oppenheiver vs. Guckenheimer, 34 Fla. 13, 15 Sou. 670; Ray vs. Trice, 48 Fla. 297, 37 Sou. 582.

This contention the Circuit Judge rejected, and after reciting that it appeared to the Court "that the motion to dismiss is confined to the question of jurisdiction of the appellees and does not extend to the cause of action and, therefore, cannot be considered as a general appearance" an order granting the motion to dismiss the appeal was entered by the Court. The appeal in this case is taken from the order of the Circuit Judge just referred to, as well as a subsequent order dated July 9, 1930, which refused to grant a rehearing on the order of dismissal.

The holding of the Circuit Judge to the effect that a motion to dismiss an appeal must contain a ground that is not confined to the question of jurisdiction of the appellee, or must extend to the cause of action, before it can be held to operate as a general appearance, was correct. Garner vs. Garner, supra, Rorick et al. vs. Stilwell, 101 Fla. 4, 133 Sou. 609. And accordingly it must be held that there was no reversible error committed by the Circuit Judge in dismissing the appeal which had been properly

entered but which the appellants were attempting to prosecute without having obtained proper jurisdiction over the persons of the respondent appellees.

But under section 4642, Comp. Gen. Laws 2923, R. G. S. and applicable constitutional provisions, this Court has direct appellate jurisdiction over appeals from the Circuit Court to the Supreme Court in matters arising before the County Judge involving the exercise of his probate jurisdiction, and if the appeal entered to take the case from the County Judge's Court to the Circuit Court was legally sufficient to give the Circuit Court jurisdiction over the subject matter, the appeal taken in this cause to bring the case here from the Circuit Court is likewise sufficient to give this Court jurisdiction over the subject matter altho neither the Circuit Court nor this Court has acquired jurisdiction over the persons of the appellees by the proper issuance and service of a citation in the Circuit Court.

However, such appellees have entered no special appearance in this Court as they did in the Circuit Court, neither have they moved for dismissal of the appeal here because of absence of jurisdiction over their persons. On the contrary they have appeared and filed briefs in this court and thereby to all intents and purposes have made and entered their general appearance in this Court by so doing. McGehee Interests vs. Alexander National Bank, 102 Fla. 140, 135 Sou. Rep. 545. This is true because the briefs filed do not undertake to assert that the appeal here should be dismissed for the same reasons that it was dismissed in the Court below, namely, absence of jurisdiction over the persons of appellees, but rather to suggest to the court that the decree of dismissal should be affirmed because it was made without error having been committed by the Circuit Judge.

It is generally recognized in this state that an appearance of the parties to a cause originating in the Circuit

Court may be made here under such circumstances that upon remand of the cause to the Circuit Court, that Court will have jurisdiction to proceed even in cases where it originally obtained none over the person of indispensable parties. Wylly vs. Sanford Loan & Trust Co., 44 Fla. 818, 33 Sou. 453; Rumeli vs. Tampa, 48 Fla. 112; 37 Sou. 563. We perceive no reason why the same rule should not apply in a case originating before a County Judge in the exercise of his probate jurisdiction, in which that Court admittedly obtained proper jurisdiction over the persons of all the parties, but in which upon appeal of same to the Circuit Court as provided by law, the Circuit Court failed to obtain jurisdiction over the persons of the appellees by the proper issuance and service of a citation, but which was otherwise properly brought within the appellate jurisdiction of the Circuit Court by the proper entry of appeal having been made.

The appeal from the Circuit Court to this Court from the order dismissing the appeal from the County Judge's Court to the Circuit Court was as much subject to the entry of a special appearance and motion to dismiss here, as was the case in the Circuit Court, and for the same reasons. Notwithstanding this fact, the appellees have made no motion or other objection in this Court to the jurisdiction of this Court over their persons. On the contrary they have filed briefs and made arguments in them here from which no other conclusion can be drawn than that they seek the affirmance by this Court of the decree appealed from, which is in contemplation of law an entry of appearance in this Court for the purpose of seeking here an order of affirmance which could not be made by this Court within its jurisdiction no more than by the Circuit Court, if this Court did not have jurisdiction over the subject matter of the appeal and the parties to it on each side. The situation in this Court now is the same as if the appellees in the Court below had filed a motion there ask-

ing that the decree of the County Judge be affirmed because the appellant had failed to have issued and served a proper citation to perfect his appeal. That such a procedure in the Court below, in lieu of that which was actually taken there, would have constituted a general appearance which waived the issuance and service of a citation on the appellees, cannot be doubted in the light of the authorities on the subject. The Circuit Court is but the intermediate appellate Court through which matters on appeal in probate must go before they are finally brought to this Court for review. Where questions of jurisdiction over the persons of appellees are intended to be urged here in such matters they should be raised and urged in the same manner, and will have the same effect, and be disposed of in like manner, as if the cause were here by appeal from a suit originating in the Circuit Court instead of in the Court of the County Judge.

Where an appeal is duly taken from an order, judgment or decree of a County Judge made in the exercise of his probate jurisdiction, and upon consideration of such appeal the Circuit Court dismissed the same because of the failure of the appellant to perfect service of a citation on the appellees as required by the statute (Section 4644 C. G. L., 2925 R. G. S.), but jurisdiction of the subject matter of the appeal is duly conferred by the proper entry of an appeal in accordance with Section 4643 C. G. L., 2924 R. G. S., and thereafter an appeal is taken to the Supreme Court from the order of dismissal entered by the Circuit Court, and both parties to the appeal file briefs in the Supreme Court touching the merits of whether or not the decree of the Circuit Court appealed from should be affirmed or reversed, the filing of such briefs in the Supreme Court by the appellees will be treated as a general appearance in this Court, which upon the remand of the cause to the Court below, will enable the Circuit Court to proceed.

A party to an appeal from the Circuit Court to the

Supreme Court in matters originating before the County Judge in the exercise of his probate jurisdiction, who relies upon failure of appellant to perfect jurisdiction of the court over his person because of a failure to have issued and served a proper citation as required by law, should present the objection to the Supreme Court by special appearance and motion to dismiss the appeal for want of jurisdiction over the person, in like manner as the same objection was raised and presented to the Circuit Court.

Since there was no error in the order of the Circuit Court which is appealed from, that order must be affirmed. But because of the entry of appearance by conduct of the parties in this Court, as hereinbefore referred to, the cause must be remanded to the Circuit Court with direction for further proceedings herein to be taken according to law. Stanley v. Arnow, 13 Fla. 361; Tunno v. Roberts, 16 Fla. 738 (751).

Affirmed and remanded for further proceedings.

WHITFIELD AND TERRELL, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.