MONARCH FIRE INSURANCE CO. v. FLORIDA ASPHALT PAVING CO.

156 So. 388.

Division B.

Opinion Filed July 28, 1934.

*Cockrell & Cockrell,* for Plaintiff in Error;
*J. V. Walton,* for Defendant in Error.

BROWN, J.—This was an action brought by the defendant in error against the plaintiff in error for breach of a contract of insurance. The declaration alleged that the defendant, Monarch Fire Insurance Company, was a stock company of Cleveland, Ohio, having an agent and selling and issuing contracts of insurance against loss by fire in the County of Brevard and State of Florida. There was a judgment by default entered against the defendant, followed by a final judgment for the sum of $2,500.00 and interest. Within twenty days thereafter the defendant appeared specially for the purpose of moving the court to vacate the judgment on the ground that the judgment was void for want of lawful service of process on said defendant insurance company, for various reasons, the main reason being that the sheriff's return did not show the absence from Brevard County, Florida, or from the State of Florida, of all the officers of said Titusville Insurance Agency, a corporation, of a superior class designated by statute before resorting to service upon one of an inferior class. Another ground was that the sheriff's return did not show on its face the absence from Brevard County, Florida, or from the State of Florida, of all the officers of said Monarch Fire Insurance Company before resorting to service upon one of an inferior class. Still another ground was that the return of the sheriff does not show that the person to whom the sheriff delivered a copy of said summons was in fact agent of said Monarch Fire Insurance Company.

It is probably not material in this case, but our attention has been called to the fact that the policy sued on was coun-

tersigned by "Titusville Ins. Agency, A. W. Donaldson, Secy.," as shown by the copy thereof attached to the declaration.

Summons *ad respondendum* was issued in due form and the sheriff's return thereon read as follows:

"Received this Writ this the 25th day of June, A. D. 1931, and I executed the same in Brevard County, Florida, on the 26th day of June, A. D. 1931, on the defendant Monarch Fire Insurance Company, a Foreign Stock Company of Cleveland, Ohio, by delivering a true copy of this original to A. W. Donaldson as Secretary of the Titusville Insurance Agency, a corporation; the said Corporation being the Agent for the Monarch Fire Insurance Company, a Foreign Stock Company of Cleveland, Ohio, in the absence of the President, or Vice-President of the said corporation, and at the same time showing this original to A. W. Donaldson, and explaining the contents thereof."

Section 4251, Comp. Gen. Laws of 1927, reads as follows:

"4251 (2604). Service of process on private corporation.—Process against any corporation, domestic or foreign, may be served:

"1. Upon the president or vice-president or other head of the corporation. In the absence of such head:

"2. Upon the cashier, or treasurer, or secretary, or general manager; or, in the absence of all the above:

"3. Upon any director of such company; or, in the absence of all of the above:

"4. Upon any officer or business agent, resident in the State of Florida.

"5. If a foreign corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State.

(Feb. 11, 1834, Section 2; Nov. 21, 1829, Section 8; Ch. 3590, Feb. 12, 1885, Section 1; Ch. 6908, Acts 1915, Section 1, as amended by Ch. 7752.)"

It will be noted that the foregoing statute applies to both foreign and domestic corporations.

Section 6198, Comp. Gen. Laws, provides that no insurance company, whether incorporated or organized under the laws of this State or any other State or country, nor its agents, shall take any risk or transact any business of insurance in this State, unless such company has first obtained a certificate of authority from the State Treasurer, and before obtaining such certificate such company shall file a statement in the office of the State Treasurer, together with a written agreement under the seal of the company, agreeing on the part of said company that service of process in any civil action against such company may be made upon "any agent or representative" of the company, or upon the State Treasurer, so long as there is any liability under any policy or claim within the State, either fixed or contingent, and agreeing that the service of process upon "any agent or representative" or the State Treasurer shall be as valid or binding upon the company as if made upon the president or secretary, or each member or subscriber of such company or association.

It is contended by plaintiff in error that this section likewise applies to both domestic and foreign corporations, and the language of the section appears to bear out this contention.

The lower court denied the above mentioned motion of the plaintiff in error, made on special appearance and writ of error was duly sued out, the assignments of error being that the court erred in entering the default judgment and the final judgment against the defendant, and also erred in holding that due and legal service had been made upon the

defendant, and in denying the defendant's motion to vacate the judgment.

When the defendant filed its motion, on special appearance for that purpose, it confined the motion to the vacation of the judgment which had been rendered against the defendant, and to stay of execution of any and all proceedings for its enforcement, on the ground that the judgment was void for want of service of process upon the defendant as required by law.

It would seem therefore that the assignments of error should have been confined to the denial of this motion, and that by also assigning as error the rendition of the final judgment in favor of the plaintiff and against the defendant, the plaintiff in error has come dangerously near to raising a question going to the merits of the case; and we have held that where a party seeks to question the jurisdiction of the court over his person, and at the same time goes beyond that and seeks also to question the propriety of the court's action on the merits, this amounts to a waiver of the question of jurisdiction over the defendant's person. However, inasmuch as the motion to vacate the final judgment is based on the proposition that both the default judgment and the final judgment are void for want of jurisdiction over the person, it might be said, that, boiled down, both the motion to vacate and the assignments of error all go only to the final question of whether or not the trial court had acquired jurisdiction of the defendant Monarch Fire Insurance Company by lawful service of process.

If Section 6198, Comp. Gen. Laws, above referred to, authorizes the service of process upon "any agent" of an insurance company, whether foreign or domestic, the fact remains that the sheriff's return in this case shows that the Titusville Insurance Agency, a corporation, was *the agent* of the defendant Monarch Fire Insurance Company. The

defendant in error admits that the word "corporation" in each instance where it is used in the above quoted sheriff's return, refers to the Titusville Insurance Agency, a corporation. Thus the return shows that service was had on an agent of the defendant company and that agent was itself a corporation, whether foreign or domestic does not appear. The name of the agent corporation and the county where the service was attempted to be had upon it are some indications that it was a Florida corporation, doing business in Brevard County. But even so, service should have been made upon it in compliance with the above quoted statute, Section 4251, Comp. Gen. Laws. In other words, if a foreign insurance corporation may be lawfully served by serving process upon any agent of such corporation in this State, and such agent is itself a corporation, it is the latter corporation, and not any of *its* agents except as provided in Section 4251, upon whom service must be had as upon any other domestic corporation. This means that under Section 4251, service should have been had upon "the president or vice-president or other head of the corporation," and in the absence of such "head" then upon the cashier, or treasurer, or secretary, etc.

In the case of Milton Land and Investment Company v. Our Home Life Insurance Company, 81 Fla. 227, 87 So. 636, this Court held that under the above mentioned statute a return showing service upon an inferior officer or agent of the corporation, in order to bind the corporation, must show the absence of all officers of a superior class designated in the statute as those upon whom service shall be had before resort is had to service upon one of the inferior class; that the absence of all members of a superior class is a condition precedent to the validity of service upon a member of an inferior class. See also Drew Lumber Co. v. Walter, *et al.*, 45 Fla. 252, 34 So. 244.

The case just cited was an action of simple assumpsit, and not an action, as here, upon an insurance contract. Therefore it is argued by the defendant in error that said case does not amount to a ruling that in action against an insurance corporation on an insurance contract process cannot be served upon "any agent or representative" of such corporation, under Section 6198, Comp. Gen. Laws; and that inasmuch as copy of the policy attached to the declaration shows that it was countersigned in the name of the "Titusville Insurance Agency, Agent, A. W. Donaldson, Secretary," therefore under Section 6198, service upon A. W. Donaldson as secretary of the Titusville Insurance Agency, a corporation, is sufficient, Donaldson being the very man who had countersigned the insurance contract.

But the most that can be said is that Donaldson countersigned the contract, not in his own right as agent of the Monarch Fire Insurance Company, but as secretary of the Titusville Insurance Agency as agent of said foreign insurance company; and as we understand both the statutes referred to, while they authorize service of process upon an agent of a foreign insurance company transacting business in this State, if such agent appears to be a corporation, that corporation should be served as provided for in Section 4251, Comp. Gen. Laws, which applies alike to both foreign and domestic corporations, and that the principle of construction of such statute enunciated in Milton Land and Investment Company v. Our Home Life Insurance Company must be held applicable.

If so, does the sheriff's return show the absence of all officers of the superior class designated in the statute before resorting to service upon the secretary, an officer of inferior class? This question must be answered in the negative. The sheriff's return says that "in the absence

of the president or vice-president of said corporation" a true copy of the summons was delivered to A. W. Donaldson as secretary, etc. Thus the return does not on its face show that the president and vice-president were both absent from the county. It indicates that one or the other was absent, but it also indicates just as strongly that one or the other of these officers was not absent. It is true the language of the statute is that process may be served "upon the president or vice-president or other head of the corporation," and in the absence "of such head," upon the secretary. And if this return had said "in the absence of the president or vice-president or other head" of such corporation, it might have been sufficient. But as it stands, the return was not sufficient to authorize service upon the secretary of the corporation. Whether such return could have been amended on motion of the sheriff, we need not consider, as the record shows no such motion. The language in the sheriff's return, as made, does not show the absence of all of the officers named by the statute as constituting the first class, but in fact is open to the construction that one or the other of those officers was present and subject to service; and the court below, in the absence of amendment, had to act upon the return as made. Therefore, under the statute, the return failed to show that the sheriff was authorized to make service upon the agent corporation by delivering a copy of summons to the secretary of such agent corporation. The return should show the absence of all members of a superior class as a condition precedent to the validity of service upon a member of an inferior class in order to bind the corporation. The return was therefore fatally defective, and the court below was in error in denying the motion to vacate the judgment based thereon.

Writs of error lie only from final judgments, and from

orders granting new trials at law. Sections 4606, 4651, Comp. Genl. Laws of 1927. It is well settled in this State that the prosecution of an appeal from a final decree on the merits operates as a general appearance when the cause is remanded to the court below. See Ortell v. Ortell, 91 Fla. 50, 107 So. 442, and cases cited; Davidson v. Ford, 149 Sou. 334; Fuller v. Burruss, 102 Fla. 1145, 137 So. 241. Likewise, the suing out of a writ of error to a final judgment at law operates as a general appearance when the cause is remanded. Drew Lumber Co. v. Walter, *et al.,* 45 Fla. 253, 34 So. 244; Barwick v. House, 53 Fla. 643, 43 So. 753. This being a writ of error to a final judgment, the prosecution thereof operates as a general appearance when the cause is remanded to the court below, and the judgment will be reversed with directions that the court below permit the plaintiff in error, as defendant below, within a reasonable time to be fixed by the circuit judge, to file such pleadings as it may be advised.

Reversed and remanded with directions.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.